# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>Abdiaziz Shafii Farah *et al.*,<br><br>　　　　Defendants. | Court File No. 22-cr-124 (NEB/TNL)<br><br>**DEFENDANT SAID SHAFII FARAH'S MOTION FOR SEVERANCE** |

Defendant Said Shafii Farah ("Defendant"), by and through his undersigned counsel, hereby moves this Court for an Order, pursuant to Rule 14(a) of the Federal Rules of Criminal Procedure, directing severance from the case against co-defendants Abdiaziz Shafii Farah, Mohamed Jama Ismail, Mahad Ibrahim, Abdimajid Mohamed Nur, Abdiwahab Maalim Aftin, Hayat Mohamed Nur, and Mukhtar Mohamed Shariff, and a separate trial from such co-defendants, as well as severance of Count 13 (Conspiracy to Commit Federal Programs Bribery) and Counts 16, 18, and 19 (Federal Programs Bribery) from the remainder of his charged offenses Count 1 (Wire Fraud Conspiracy), Count 12 (Wire Fraud), Count 20 (Conspiracy to Commit Money Laundering), Count 21 (Money Laundering), and Count 40 (Money Laundering) on the following grounds:

**I.    A Joint Trial Will Deny Defendant His Fifth Amendment Right to a Fair Trial.**

Defendant will suffer irreparable harm and prejudice if he is tried jointly with his co-defendants in the above-captioned matter, which will deny him his right to a fair trial under the Fifth Amendment to the United States Constitution. Defendant recognizes that

there is a preference in the federal system for joint trials of defendants who are indicted together, especially when the Government has alleged a conspiracy. *United States v. Anderson*, 783 F.3d 727, 743 (8th Cir. 2015). However, this case presents an exception to that general preference, and Defendant will suffer irreparable harm and prejudice if he is tried together with his co-defendants.

      Fed. R. Crim. P. 14(a) permits severance of defendants "[i]f the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant . . . ." "Severance is required when the proof is such that a jury could not be expected to compartmentalize the evidence as it relates to the separate defendants." *United States v. Kaminski*, 692 F.2d 505, 515 (8th Cir. 1982) (citing *United States v. Reeves*, 674 F.2d 739, 744 (8th Cir. 1982)). In determining the jury's ability to compartmentalize the evidence against joint defendants, reviewing courts consider: "(1) the complexity of the case; (2) if one or more of the defendants were acquitted; and (3) the adequacy of admonitions and instructions by the trial judge." *United States v. Liveoak*, 377 F.3d 859, 864 (8th Cir. 2004) (quoting *United States v. Pherigo*, 327 F.3d 690, 693 (8th Cir. 2003)). Given the scope and complexity of the indictment, it will be impossible for the jury to compartmentalize the evidence against each defendant and render an intelligent verdict. In the forty-eight-page indictment, the grand jury alleges that the defendants created dozens of shell companies that ran hundreds of Federal Child Nutrition Program sites falsely claiming to have served thousands of meals to children each day for over a year. Defendants are thus charged with 43 counts, ranging from conspiracies to engage in wire fraud, federal programs bribery, and money laundering to having made a false statement on a passport application.

Based upon the presence and representations of "extremely voluminous" discovery, including millions of pages of investigative materials, obtained from over 600 grand jury subpoenas, hundreds of witnesses, the execution of 32 search warrants for businesses and residences, and the seizure of approximately 380 electronic devices, the Court designated the case as complex pursuant to 18 U.S.C. § 3161 (h)(7)(B)(ii). (*See* ECF No. 125). Should this matter proceed to trial, the number of witnesses and exhibits presented will be outstanding. Defendant will surely be prejudiced given the risk of jury confusion of the large volume of evidence unrelated to him that will be presented if this trial is held jointly, and there is a risk that a jury may convict him based upon evidence against other co-defendants.

## II. A Joint Trial May Violate Defendant's Sixth Amendment Right to Confrontation.

Should the government offer any extrajudicial statements of Defendant's co-defendants at trial that implicate Defendant, this would violate Defendant's Sixth Amendment right to confrontation. See *Bruton v. United States*, 391 U.S. 123 (1968). In addition to the already voluminous discovery produced by the Government, including the discovery produced less than a week ago, Defendant is waiting upon additional discovery from the Government which may contain statements relevant to Defendant. Therefore, although this massive volume of ongoing discovery has thus far prevented Defendant from identifying any specific statements, Defendant raises this issue to preserve his Sixth Amendment right to confrontation should such a statement be identified at a later date or offered by the Government at trial.

### III.     Failure to Sever Counts 13, 16, 18, and 19 Will Deny Defendant a Fair Trial.

Defendant will suffer real prejudice if Counts 13, 16, 18, and 19 related to Federal Programs Bribery if tried at the same time as the other Counts. Under Rule 8(a) of the Federal Rules of Criminal Procedure, "[t]wo or more offenses may be charged in the same indictment as long as the offenses charged 'are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.'" *United States v. Boyd*, 180 F.3d 967, 981 (8th Cir. 1999) (quoting *United States v. Davis*, 103 F.3d 660, 676 (8th Cir. 1996)). Nonetheless, the rule governing severance provides that once offenses have been properly joined, the court may order separate trials of the counts "[i]f it appears that a defendant or the government is prejudiced by a joinder of offenses." Fed. R. Crim. P. 14(a); *Davis*, 103 F.3d at 676. Here, there is a real possibility that jurors will use evidence presented on the wire fraud and money laundering counts to infer guilt on Counts 13, 16, 18, and 19 despite the lack of clarity surrounding the Government's bribery allegations. These allegations are not made with specificity, and it is unclear what the Government alleges Defendant actually received in exchange for paying alleged bribes. If Counts 13, 16, 18, and 19 are tried jointly with the other counts in this matter, a jury may improperly infer guilt on these counts based upon allegations made in other counts.

Defendant's motion is based upon the Federal Rules of Criminal Procedure, Amendments 5 and 6 to the United States Constitution, relevant case law, the Superseding Indictment, and all the files, records, and proceedings herein, as well as all other matters which may be presented prior to or at the time of the hearing on this Motion.

4

Dated: May 4, 2023        **MASLON LLP**

By: */s/ Steven L. Schleicher*
    Steven L. Schleicher (#0260587)
    Clayton J. Carlson (#0401182)
3300 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-4140
(612) 672-8200
Email: steve.schleicher@maslon.com
        clayton.carlson@maslon.com

**ATTORNEYS FOR DEFENDANT SAID SHAFII FARAH**