UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 22-CR-124 (7) (NEB/TNL) |
| Plaintiff, | **DECLARATION OF FREDERICK J. GOETZ** |
| vs. | |
| MUKHTAR MOHAMED SHARIFF, | |
| Defendant. | |

I, Frederick J. Goetz, Esq., hereby declare and state as follows:

1.   I am an attorney licensed to practice law in the State of Minnesota and the United States District Court for the District of Minnesota. My attorney registration number is 185425. My firm represents Defendant Mukhtar Mohamed Shariff as related to the above-captioned matter. I submit this Declaration in connection with my client's request for an Order to show cause as related to Restaurant Depot and the Minnesota Department of Education's failure to produce subpoenaed documents in accordance with Fed. R. Crim. P. 17(c). I have personal knowledge of the facts set forth herein.

2.      On or around January 31, 2024, the undersigned prepared a subpoena duces tecum, pursuant to Fed. R. Crim. P. 17(c), addressed to Restaurant Depot, requesting, inter alia, the return of documentation or data concerning the purchase of goods or services by Afrique Hospitality Group from Restaurant Depot between January 1, 2020 and January 31, 2022. The subpoena instructed Restaurant Depot to produce the documents in the United States District Court for the District of Minnesota, before the Honorable Tony N. Leung, in Courtroom 9W, U.S. Courthouse, 300 South Fourth Street, Minneapolis, MN 55415 on February 29, 2024 at 10:00 a.m. Alternatively, the subpoena informed Restaurant Depot that the documents could be transmitted to the undersigned electronically via the undersigned's email.

3.      On February 5, 2024, Investigator Susan Johnson served the above-reference subpoena on Restaurant Depot Manager Pierre Rogers at 1830 Como Avenue in St. Paul, Minnesota. A copy of the subpoena and Ms. Johnson's Proof of Service are attached hereto as Exhibit 1.

4.      On or around January 31, 2024, the undersigned also prepared a subpoena duces tecum, pursuant to Fed. R. Crim. P. 17(c), addressed to Daron Korte, the Assistant Commissioner of the Minnesota Department

of Education. Among other things, the subpoena requested the return of

documentation or data concerning Afrique Hospitality Group's

participation in the Child Adult Care Food Program and the Summer

Food Services Program between January 1, 2020 and January 31, 2022.

The subpoena instructed Assistant Commissioner Korte to produce the

documents in the United States District Court for District of Minnesota,

before the Honorable Tony N. Leung, in Courtroom 9W, U.S. Courthouse,

300 South Fourth Street, Minneapolis, MN 55415 on February 29, 2024

at 10:00 a.m. Alternatively, the subpoena notified Assistant

Commissioner Korte that the documents could be transmitted to the

undersigned electronically via the undersigned's email.

5.     On February 6, 2024, Investigator Susan Johnson served the above-

reference subpoena on Assistant Commissioner Korte at the Minnesota

Department of Education's office located at 400 NE Stinson Boulevard in

Minneapolis, Minnesota. A copy of the subpoena and Ms. Johnson's Proof

of Service are attached hereto as Exhibit 2.

6.     The undersigned appeared in the United States District Court for the

District of Minnesota, before the Honorable Tony N. Leung, in Courtroom

9W, U.S. Courthouse, 300 South Fourth Street, Minneapolis, MN 55415

3

on February 29, 2024 at 10:00 a.m. Neither a representative of Restaurant Depot, nor a representative from the Minnesota Department of Education appeared to produce the subpoenaed documents. At approximately 10:15 a.m., counsel contacted Assistant Commissioner Korte's office to inquire about the production of documents. The undersigned was informed by a representative from the Minnesota Department of Education that they would attempt to locate the subpoena.

7.   On March 1, 2024, the undersigned emailed a copy of the above-referenced subpoena and proof of service to Terry Alvarado, an administrative assistant employed by the Minnesota Department of Education. The undersigned instructed the Department's general counsel to contact him to discuss the matter.

8.   To date, counsel has not received a response from Restaurant Depot or the Minnesota Department of Education regarding the production of subpoenaed documents.

9.   I have therefore prepared a proposed Order requiring Restaurant Depot and the Minnesota Department of Education to appear and show cause for why they should not be held in contempt of court for failure to

produce the subpoenaed documents in accordance with Fed. R. Crim. P. 17(c).

I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 5, 2024          By: _____

                                      Frederick J. Goetz



# GOETZ & ECKLAND
CIVIL LITIGATION AND CRIMINAL DEFENSE

January 31, 2024

**VIA PERSONAL SERVICE**

Attn: Manager
Restaurant Depot
1830 Como Avenue
St. Paul, MN 55108

      Re:    United State of America v. Farah, et al
               Court File No.: 22-CR-124 NEB/TNL

Dear Sir/Madam:

This office represents Mukhtar Shariff in the above-referenced matter. Enclosed and served upon you by personal service please find a *subpoena duces tecum*. The subpoena requires that you produce the listed documents and materials in United States District Court for the District of Minnesota, before the Honorable Tony N. Leung, in Courtroom 9W, U.S. Courthouse, 300 South Fourth Street, Minneapolis, MN 55415 on February 29, 2024 at 10:00 a.m.

This request includes copies of:

- Any documentation or data concerning the purchase of goods or services by Afrique Hospitality Group, A&E Logistics LLC, or A&E Distributors LLC, or any representatives thereof, from Restaurant Depot between January 1, 2020 and January 31, 2022. This includes, but is not limited to, contracts, invoices, sale quotes, deposit slips, purchase orders, invoices, sales receipts, etc.

- Any correspondence or communication between Afrique Hospitality Group, A&E Logistics LLC, or A&E Distributors LLC and Restaurant Depot, or any representatives thereof, regarding the purchase of goods or services between January 1, 2020 and January 31, 2022.

Thank you for your prompt attention to this subpoena. If you prefer to transmit the documents to me electronically, please contact me so we can make those arrangements. You are welcome to contact me by email at fgoetz@goetzeckland.com. Please feel free to contact me with any questions or concerns you may have.

**EXHIBIT 1**

Sincerely,

GOETZ & ECKLAND P.A.

By _____

Frederick J. Goetz
Andrew H. Mohring

FJG/kcf
Encl.

AO 89B  (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT
### for the
### District of Minnesota

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. 22-CR-124 NEB/TNL |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR
## OBJECTS IN A CRIMINAL CASE

To:     Manager of Restaurant Depot, 1830 Como Ave., St. Paul, MN
55108

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects: Please see attached correspondence.

| Place: U.S. Courthouse, Courtroom 9W 300 S. 4th St., Minneapolis, MN 55415 | Date and Time: February 29, 2024 10:00 a.m. |
|---|---|

Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

*(SEAL)*

Date: _____

CLERK OF COURT

*Kate M. Fogarty*

Signature of Clerk or Deputy Clerk

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Mukhtar Shariff , who requests this subpoena, are:

Frederick J. Goetz, 615 1st Ave. NE, #425, Minneapolis, MN
55413, fgoetz@goetzeckland.com, 612-874-1552

### Notice to those who use this form to request a subpoena
Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case  (Page 2)

Case No.

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* Restaurant Depot Manager

was received by me on *(date)* 1/31/2024

☑ I served the subpoena by delivering a copy to the named person as follows: Pierre
Rogers, Manager, authorized to accept
service , on *(date)* 2/5/24 ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ 0.00 .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00

I declare under penalty of perjury that this information is true.

Date: 2/5/24

Susan L Johnson
*Server's signature*

SuSAN L Johnson, Investigator
*Printed name and title*

1220 Karth Lake Dr, ARDEN Hills,
MN. 55112
*Server's address*

Additional information regarding attempted service, etc.:

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case (Page 3)

## Federal Rule of Criminal Procedure 17 (c), (d), (e), and (g) (Effective 12/1/08)

**(c) Producing Documents and Objects.**

(1) **In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

(2) **Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

(3) **Subpoena for Personal or Confidential Information About a Victim.** After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

**(d) Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

**(e) Place of Service.**

(1) **In the United States.** A subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States.

(2) **In a Foreign Country.** If the witness is in a foreign country, 28 U.S.C. § 1783 governs the subpoena's service.

**(g) Contempt.** The court (other than a magistrate judge) may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district. A magistrate judge may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by that magistrate judge as provided in 28 U.S.C. § 636(e).



# GOETZ & ECKLAND
CIVIL LITIGATION AND CRIMINAL DEFENSE

January 31, 2024

**VIA PERSONAL SERVICE**

Assistant Commissioner Daron Korte
Custodian of Records
Minnesota Department of Education
400 NE Stinson Blvd.
Minneapolis, MN 55413

> Re:   United State of America v. Farah, et al
>        Court File No.: 22-CR-124 NEB/TNL

Dear Assistant Commissioner Korte and/or Custodian of Records:

This office represents Mukhtar Shariff in the above-referenced matter.  Enclosed and served upon you by personal service please find a *subpoena duces tecum*. The subpoena requires that you produce the listed documents and materials in United States District Court for the District of Minnesota, before the Honorable Tony N. Leung, in Courtroom 9W, U.S. Courthouse, 300 South Fourth Street, Minneapolis, MN 55415 on February 29, 2024 at 10:00 a.m.

This request includes copies of:

- All vendor applications submitted to the Minnesota Department of Education, Feeding Our Future, or Partners in Quality Care by Afrique Hospitality Group between January 1, 2020 and January 31, 2022 with respect to either the Child Adult Care Food Program or the Summer Food Services Program.

- All site applications submitted to the Minnesota Department of Education, Feeding Our Future, or Partners in Quality Care by Afrique Hospitality Group between January 1, 2020 and January 31, 2022 with respect to either the Child Adult Care Food Program or the Summer Food Services Program.

- All program agreements between the Minnesota Department of Education, Feeding Our Future, Partners in Quality Care, and/or Afrique Hospitality Group, between January 1, 2020 and January 31, 2022 with respect to either the Child Adult Care Food Program or the Summer Food Services Program.

- All claims submitted to the Minnesota Department of Education, Feeding Our Future, or Partners in Quality Care by Afrique Hospitality Group, including any representative thereof, between January 1, 2020 and January 31, 2022 with respect to either the Child Adult Care Food Program or the Summer Food Services Program.

**EXHIBIT 2**

- All claims submitted by the following sites to the Minnesota Department of Education, Feeding Our Future, or Partners in Quality Care, between January 1, 2020 and January 31, 2022 with respect to either the Child Adult Care Food Program or the Summer Food Services Program: Dar Al Farooq (Site No. 9000018525); 1506 Southcross (Site No. 9000018726); Medford (Site No. 9000019281); and Waseca (Site No. 9000019357).

- Any documentation or data concerning meal service or meal distribution between January 1, 2020 and January 31, 2022 with respect to either the Child Adult Care Food Program or the Summer Food Services Program at the following sites: Dar Al Farooq (Site No. 9000018525); 1506 Southcross (Site No. 9000018726); Medford (Site No. 9000019281); and Waseca (Site No. 9000019357).

- All documentation or data between January 1, 2020 and January 31, 2022 with respect to either the Child Adult Care Food Program or the Summer Food Services Program relating in any way to the following sites: Dar Al Farooq (Site No. 9000018525); 1506 Southcross (Site No. 9000018726); Medford (Site No. 9000019281); and Waseca (Site No. 9000019357).

- All waivers sent by the United States Department of Agriculture to the Minnesota Department of Education, Feeding Our Future, or Partners in Quality Care between January 1, 2020 and January 31, 2022 with respect to either the Child Adult Care Food Program or the Summer Food Services Program.

- All correspondence and communication between the Minnesota Department of Education, Feeding Our Future, and/or Partners in Quality Care, or any representatives thereof, between January 1, 2020 and January 31, 2022 concerning any serious deficiency with respect to either the Child Adult Care Food Program or the Summer Food Services Program. This request includes, but is not limited to, correspondence or communication sent by the Minnesota Department of Education to Feeding Our Future or any representative thereof on March 31, 2021.

- Any risk assessment mentioning Afrique Hospitality Group with respect to either the Child Adult Care Food Program or the Summer Food Services Program between January 1, 2020 and January 31, 2022. This request further includes any underlying data or documentation relied upon and/or reviewed in formulating such risk assessment(s).

- Any risk assessment mentioning the following sites with respect to either the Child Adult Care Food Program or the Summer Food Services Program between January 1, 2020 and January 31, 2022: Dar Al Farooq (Site No. 9000018525); 1506 Southcross (Site No. 9000018726); Medford (Site No. 9000019281); and Waseca (Site No. 9000019357). This request further includes any underlying data or documentation relied upon and/or reviewed in formulating such risk assessment(s).

- Correspondence between the United States Department of Agriculture, the Minnesota Department of Education, Feeding Our Future, and/or Partners in Quality Care with respect to either the Child Adult Care Food Program or the Summer Food Services Program between January 1, 2020 and January 31, 2022 regarding meal claim validation instructions. This request includes, but is not limited to, correspondence or communication from the Minnesota Department of Education to Feeding Our Future or any representative thereof on April 15, 2021.

- All correspondence and communications from the Minnesota Department of Education, Feeding Our Future, or Partners in Quality Care to Afrique Hospitality Group regarding Afrique Hospitality Group's participation as a vendor in the Child Adult Care Food Program and/or the Summer Food Services Program between January 1, 2020 and January 31, 2022.

- Any correspondence or communications between the United States Department of Agriculture, the Minnesota Department of Education, Feeding Our Future, and/or Partners in Quality Care, including any representatives thereof, regarding requirements for meals as set forth in 7 CFR 226.20 with respect to the Child Adult Care Food Program and/or the Summer Food Services Program between January 1, 2020 and January 31, 2022.

Your prompt attention to this request is appreciated.

Thank you for your prompt attention to this subpoena. If you prefer to transmit the documents to me electronically, please contact me so we can make those arrangements. You are welcome to contact me by email at fgoetz@goetzeckland.com. Please feel free to contact me with any questions or concerns you may have.

Sincerely,

GOETZ & ECKLAND P.A.

By _____

Frederick J. Goetz
Andrew H. Mohring

FJG/kcf
Encl.

AO 89B (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT

### for the

District of Minnesota

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. 22-CR-124 NEB/TNL |
| | ) | |
| _Defendant_ | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR
### OBJECTS IN A CRIMINAL CASE

To:   Assistant Commissioner Daron Korte or Custodian of Records, Minnesota Department of Education, 400 NE Stinson, Blvd., Minneapolis, MN 55413
_(Name of person to whom this subpoena is directed)_

**YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects: Please see attached correspondence.

| Place: U.S. Courthouse, Courtroom 9W 300 S 4th St., Minneapolis, MN 55415 | Date and Time: February 29, 2024 10:00 a.m. |
|---|---|

Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

_(SEAL)_

Date: _____

CLERK OF COURT

_Kate M. Fogarty_

_Signature of Clerk or Deputy Clerk_

The name, address, e-mail, and telephone number of the attorney representing _(name of party)_   Mukhtar Shariff
_____, who requests this subpoena, are:

Frederick J. Goetz, 615 1st Ave. NE, #425, Minneapolis, MN 55413, fgoetz@goetzeckland.com, 612-874-1552

### Notice to those who use this form to request a subpoena

Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case  (Page 2)

Case No.

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* Daron Korte, Asst. Commissioner, MDE
was received by me on *(date)* 1/31/2024 .

☒ I served the subpoena by delivering a copy to the named person as follows: DARON Korte
Assistant Commissioner, Minnesota Dept. of Education,
400 NE Stinson Blvd, Minneapolis  on *(date)* February 6, 2024  ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$  0.00  .

My fees are $ _____  for travel and $ _____  for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.

Date: Feb. 6, 2024    _Susan L Johnson_
                      *Server's signature*

                      Susan L. Johnson, Investigator
                      *Printed name and title*

                      1220 Karth Lake Dr, Arden Hills, MN 55112
                      *Server's address*

Additional information regarding attempted service, etc.:

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case (Page 3)

## Federal Rule of Criminal Procedure 17 (c), (d), (e), and (g) (Effective 12/1/08)

**(c) Producing Documents and Objects.**

(1) **In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

(2) **Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

(3) **Subpoena for Personal or Confidential Information About a Victim.** After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

**(d) Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

**(e) Place of Service.**

(1) **In the United States.** A subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States.

(2) **In a Foreign Country.** If the witness is in a foreign country, 28 U.S.C. § 1783 governs the subpoena's service.

**(g) Contempt.** The court (other than a magistrate judge) may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district. A magistrate judge may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by that magistrate judge as provided in 28 U.S.C. § 636(e).