# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Abdiaziz Shafii Farah *et al.*,<br><br>　　　　　Defendants. | Court File No. 22-cr-124 (NEB/TNL)<br><br>**MOTION FOR JURY QUESTIONNAIRE** |

　　Defendant Said Shafii Farah, individually and on behalf of all Defendants, by and through his undersigned counsel, hereby move the Court for an Order pursuant to the Court's February 22, 2024 Trial Notice and Final Pretrial Order (ECF No. 344) and Fed. R. Crim. P. 24(a)(2) providing that a juror questionnaire be issued to prospective jurors for this case with sufficient time for the Court and counsel to review responses prior to April 22, 2024. Specifically, Defendants request the Court issue a jury questionnaire in substantially the same form as the one attached hereto as Exhibit A. This draft jury questionnaire incorporates the form of the District of Minnesota criminal jury questionnaire, but includes additional and different questions that specifically relate to jurors' media exposure. *See* Criminal Jury Questionnaire (2021), https://www.mnd.uscourts.gov/sites/mnd/files/CriminalJuryQuestionnaire2021.pdf. Defendants understand the Court has already sent out summonses to prospective jurors. Understanding that the Court has already done this, Defendants believe it is still appropriate and necessary to send a jury questionnaire to prospective jurors and request the Court do

so as a follow-up to the summonses that were previously sent.

As is set forth in Defendants' Memorandum In Support of Motion to Change Venue (ECF No. 261) and Defendants' Objections to Report and Recommendation Denying Motion for Change of Venue (ECF No. 324), which Defendants incorporate by reference herein, since its inception this case has been subject to significant, prejudicial government-generated publicity. As the Court pointed out in its Order on Motion to Change Venue (ECF No. 342), the Court is required to evaluate the *voir dire* testimony of trial jurors to determine if they "demonstrated such actual prejudice that it was an abuse of discretion to deny a timely change-of-venue motion." *United States v. Allee*, 299 F.3d 996, 1000 (8th Cir. 2002). In that Order, the Court also noted that it would "set a schedule to consider" the kinds of "safeguards [that] can minimize the risk of a jury tainted by pretrial publicity" well before trial. (*See* ECF No. 342 at 7 n.5.)

The best way to ensure jurors are not prejudiced by the media coverage that has surrounded this case is through thorough *voir dire* regarding prospective jurors' media exposure. However, questions to jurors about their exposure to publicity and its effect upon their perceptions of the parties and witnesses in this case risk potential jurors making statements that could prejudice either Defendants or the United States if made in the presence of other potential jurors. The best way to mitigate this risk is through a questionnaire, which will allow the Parties to assess individual jurors' exposure to media without potentially influencing other prospective jurors. The Court and the Parties can then follow-up during in-person *voir dire* on any responses to the questionnaire as necessary to mitigate the prejudicial effect of pretrial publicity in this case on prospective jurors.

On Thursday, March 21, 2024, counsel for Defendant Said Shafii Farah sent an email to counsel for the United States with a copy of the proposed jury questionnaire to inquire into whether the United States was interested in joining in the request for a questionnaire and, if so, if the United States had anything counsel wished to add to the proposed questionnaire. This constituted a good-faith attempt to meet and confer by Defendants pursuant to District of Minnesota Local Rule 7.1(a). Counsel for the United States has not yet responded to Defendants' request. Pursuant to D. Minn. L. R. 7.1(a)(1)(A), Counsel for Defendants are available to meet and confer with counsel for the United States any time promptly following the filing of this motion.

Therefore, Defendants propose that the Court issue the attached questionnaire to prospective jurors in advance of trial with sufficient time for the Court and counsel to review responses prior to April 22, 2024. The undersigned brings this Motion pursuant to Federal Rule of Criminal Procedure 24, the United States Constitution, the Court's Orders, and applicable case law. This Motion is based upon all of the files, records, and proceedings herein, as well as the arguments of counsel.

Dated: March 25, 2024                    **MASLON LLP**

By: */s/ Steven L. Schleicher*
    Steven L. Schleicher (#0260587)
    Clayton J. Carlson (#0401182)
3300 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-4140
(612) 672-8200
Email:  steve.schleicher@maslon.com
          clayton.carlson@maslon.com

**ATTORNEYS FOR DEFENDANT SAID SHAFII FARAH**