UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 22-CR-124(3) (NEB/TNL) |
| Plaintiff, | |
| v. | **DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE UNREDACTED EXHIBIT** |
| ABDIAZIZ SHAFII FARAH *ET AL.*, | |
| Defendant. | |

Defendants Aftin, A. Farah, S. Farah, Ibrahim, Ismail, H. Nur, and Sharif, by and through their undersigned attorneys, respectfully move the Court for an order precluding the government from entering an unredacted exhibit. This Exhibit is P-18 on the government's exhibit list (Recording of conversation between Abdimajid Nur and Hadith Ahmed on September 12, 2022).

Portions of this audio recording should be redacted before submission because, if unredacted, this exhibit poses a significant risk of confusing the issues and inflaming the jury in contravention of Federal Rule of Evidence 403.

The portions of the audio recording that Defendant Ibrahim objects to do not concern substantive issues relating to this case, but rather commentary by both subjects of the recording on the trajectory of federal trials and how a defendant can communicate with their attorney. In particular, at one portion of the tape beginning at approximately

1

1:42:00 and continuing to approximately 1:46:00 both subjects make the following statements:

- that the justice department "only take[s] on cases…they only go to trial on cases that they could win"
- That the justice department "wins 95% of their cases"
- That a good lawyer "can convince [anyone of] anything"
- That you can tell your lawyer "anything you want to"

Both subjects also refer at various points to how much certain lawyers involved in this case might bill, and how that compares to other lawyers, including one lawyer purported to be the most expensive.

This evidence is of course not relevant to the present case: it does not make any fact in the actual trial "more or less probable than it would be without the evidence." It does, however, run an extreme risk of confusing the issues of the present trial by giving the jury the impression that the department of justice has a "strong case" which they should easily win. These statements would be flatly objectionable if they came from a prosecutor in a closing argument, they would be equally objectionable if entered into evidence as an exhibit. See, e.g., *Boyle v. Million*, 201 F.3d 711, 714–15 (6th Cir. 2000) (finding misconduct where a prosecutor argued "the reason you got that defense is because [defendant] has the ability to muster the resources to present that defense."); *United States v. Roberts*, 618 F.2d 530, 533 (9th Cir. 1980).

Accordingly, this exhibit should be precluded unless the government redacts the above statements and any reference to how much certain attorneys involved in this case or elsewhere are being paid.

Date:  April 2, 2024                                        Respectfully submitted,


By: _____*/s/ William J. Mauzy*_____
William J. Mauzy (#68974)
William R. Dooling #0402244)
Mauzy Law Office, PA
650 Third Avenue South
Suite 260
Minneapolis, MN 55402
(612) 340-9108
wmauzy@mauzylawfirm.com
*Attorneys for Defendant*

3