UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
No. 22-CR-124 (NEB/TNL)

_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | **DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE OFFERED UNDER RULE 404(b)** |
| vs. | |
| ABDIAZIZ FARAH, et. al., | |
| Defendants. | |

_____

## *Introduction*

Mahad Ibrahim, Abdiaziz Farah, and Mukhtar Shariff, by and through their undersigned attorneys, respectfully move the Court *in limine* for an Order preventing the government from raising undisclosed 404(b) evidence and precluding recently-disclosed 404(b) evidence relating to Gateway Charter School's contracts with Mind Foundry and A&E Logistics. Such an Order is necessary to avoid a time-consuming "sideshow" mini-trial that would unnecessarily confuse the jury.

## *Argument*

### *The factual universe this case currently sits in is massive.*

This trial is currently calendared to run from April 22nd through May 17th, 2024. The eight-defendant, forty-three-count Superseding Indictment brings money laundering, fraud, and bribery allegations spanning many acts between interlinked defendants, companies, sponsors, sites, and government regulators. The government has disclosed an

exhibit *list* that runs over 100 pages long (with thousands of individual exhibits) and its intention to call over 200 witnesses. Likewise, the defendants have disclosed hundreds of individual witnesses and hundreds of individualized exhibits to counter the case.

In short, this is a sprawling case.

*The proposed Rule 404(b) evidence at issue.*

On March 22, 2024, the government disclosed that it sought to admit three different types of evidence under Rule 404(b).

At issue here is the government's final notice; its seeking to admit evidence that Abdiaziz Farah "improperly" sent money from a charter school he founded and worked at for years (Gateway Academy) to two companies that provided services to the school and that were founded by Mukhtar Shariff and Mahad Ibrahim (A&E Logistics and Mind Foundry). Unlike other 404(b) evidence disclosed by the government, the government makes no claim that this 404(b) evidence is intrinsic to the charged offenses. This is logical, as Gateway Academy is not alleged to be connected to any Federal Child Nutrition fraud. Indeed, of the over 200 witnesses on the government's witness list, none are listed as being called to offer testimony regarding Gateway Academy.

The government has instead offered the following as the stated purpose for admission:

> "to show that [these defendants'] participation in the charged fraud scheme was not a mistake or accident, but rather that they acted with knowledge and fraudulent intent and as part of a plan to use their companies to fraudulently obtain money and convert it to their own use[,]"

*Admitting the Rule 404 evidence would markedly expand both the government's case and these defendants' cases.*

Meeting this purpose the government requires the government to do what amounts to proving a new, entirely different, case-in-chief.

If the evidence is allowed, the government would have to establish what Gateway Academy was, what each of these three defendants' relationships to the school were, what the school's vendor selection processes were, that the transactions were fraudulent and improper, and—because the stated purpose is to litigate these three defendants' mindsets—proof that these defendants willfully acted with a fraudulent intent to convert money.

The defense counter would likewise be detailed. Among the possible avenues of defense would be identifying nonprofit rules and regulations and showing how their actions comported with them, pointing to regulatory oversight permitting the relationships at issue, discussing oversight around the school's auditing and financial practices, identifying the legitimate provision of services by Mind Foundry and A&E Logistics, and arguing the defendants had no willful misconduct even if there was a technical violation.

The jury will likely hear testimony from a wide variety of personnel: the school principal, school administrators, the school's accountants and legal professionals, and fact witnesses relating to the services rendered. This will become not just a mini-trial but a mini-trial on a sophisticated white-collar issue. These complex arguments could add a week or more of trial time.

*<u>The legal standard supports exclusion of this evidence.</u>*

Under Fed. R. Evid. 404(b); evidence of such "other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action and conformity therewith." Evidence may be admitted under Rule 404(b) for other purposes "such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial." Fed. R. Evid. 404(b).

Defendants understand that under controlling Eighth Circuit precedent, Rule 404(b) is a rule of inclusion, "and, as such, if evidence is offered for permissible purposes it is presumed admissible absent a contrary determination." *United States v. Davis,* 867 F.3d 1021, 1029 (8th Cir. 2017) (citations omitted). There are four criteria for evidence to be admissible under Rule 404(b). Id. The prosecution must show that the evidence is "(1) relevant to a material issue; (2) similar in kind and not overly remote in time to the crime charged; (3) supported by sufficient evidence; and (4) higher in probative value than prejudicial effect." Id (citations omitted).

The government cannot meet any of the criteria for admissibility under Fed R. Evid. 404(b) with respect to the Gateway STEM Academy evidence. The evidence is not relevant to any material issue nor similar in kind to any charged offense. The government's claim that any transfer of funds was "improper" is without any evidence let alone sufficient evidence.

4

Moreover, with respect to the fourth criteria, Federal Rule of Evidence 404(b) was designed to prevent exactly this sort of side-show from injecting unnecessary collateral confusion into an already incredibly complex and lengthy trial. Federal Rule of Evidence 403 also bars the admission of such evidence where its probative value is "substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

Here, although the defendants maintain that the other risks abound, the primary dangers are confusing the issues: "Confusion of the issues warrants exclusion of relevant evidence if admission of the evidence would lead to litigation of collateral issues." *Firemen's Fund Ins. Co. v. Thien*, 63 F.3d 754, 758 (8th Cir. 1995); *see also United States v. Spellman*, No. 8:21-CR-136, 2022 WL 16951400, at *7 (D. Neb. Nov. 15, 2022) ("If introduction of the evidence risks creating a "sideshow at trial" by "drawing attention away" from the issues in the case, a court may prevent its admission.").

The government's accusations here are so complex that they could form the basis of an entirely separate trial, and would necessitate a further expansion of the universe of facts in the case as articulated above.

These defendants stand ready to defend against the government's accusations regarding this 404(b) evidence, but the government's accusations here are not what were charged in the indictment: wire fraud, conspiracy to commit wire fraud, money laundering, and conspiracy to commit money laundering. Rather, the government's proffered 404(b) evidence is a—highly speculative and entirely unproven—set of

5

accusations regarding conjectured mismanagement of a tangential organization. The government's proposal leads to perilous grounds and it should be rejected.

## *Conclusion*

Accordingly, the Court should enter an Order precluding the government from offering this evidence.

Dated: April 2, 2024               **MAUZY LAW FIRM**

By: */s/ William Dooling*
    William J. Mauzy (#68974)
    William R. Dooling (#0402244)
650 Third Avenue South, Suite 260
Minneapolis, MN 55402
(612) 504-5533
Email:  wmauzy@mauzylawfirm.com
        wdooling@mauzylawfirm.com

**ATTORNEYS FOR DEFENDANT MAHAD IBRAHIM**

Dated: April 2, 2024               **BIRRELL LAW FIRM PLLC**

By: */s/ Ian S. Birrell*
    Andrew S. Birrell (#133760)
    Ian S. Birrell (#0396379)
333 South 7th Street, Suite 3020
Minneapolis, MN 55402
(612) 238-1939
Email:  andy@birrell.law
        ian@birrell.law

**ATTORNEYS FOR DEFENDANT ABDIAZIZ SHAFII FARAH**

Dated: April 2, 2024 **GOETZ & ECKLAND P.A.**

By: */s/ Frederick J. Goetz*
  */s/ Andrew H. Mohring*
  Frederick J. Goetz (#185425)
  Andrew H. Mohring (#190731)
Banks Building
615 1st Avenue NE, Suite 425
Minneapolis, MN 55413
(612) 874-1552
 Email:  FGoetz@goetzeckland.com
     amohring@goetzeckland.com

**ATTORNEYS FOR DEFENDANT MUKHTAR MOHAMED SHARIFF**