UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 22-CR-124 (4) (NEB/TNL) |
| Plaintiff, | |
| v. | ORDER ON MOTION FOR SEVERANCE |
| ABDIMAJID MOHAMED NUR (4), | |
| Defendant. | |

Defendant Abdimajid Mohamed Nur moves to sever from codefendants on the eve of trial. (ECF No. 473.) As noted in the Court's earlier orders on severance, a trial court may order severance under Rule 14 if it appears that the defendant or government is prejudiced by joinder. *United States v. Jones*, 880 F.2d 55, 60 (8th Cir. 1989); (*See* ECF Nos. 343, 475.) A district court "should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993).

Nur's motion comes three days before trial begins and one day after codefendant Mahad Ibrahim moved to sever. (ECF No. 462.) The Court granted Ibrahim's motion due to counsel's unexpected and indisputable unavailability. (ECF No. 475.) That

unavailability prejudiced Ibrahim and compromised his right to counsel of choice. Nur's counsel asks for the same remedy, explaining that his attendance at trial will be difficult for personal reasons outlined in a sealed affidavit.[1] While the Court has great sympathy for Nur's counsel's circumstances, unlike Ibrahim's counsel, Nur's counsel has not shown that he is indisputably unavailable, nor that the circumstances that form the basis of the motion were created suddenly.

Also, unlike Ibrahim's motion, the government opposes Nur's severance, explaining that a second trial for Ibrahim and Nur would be as lengthy and complex as the first, given Nur's role in the conspiracy and the substantial evidence that overlaps with Nur and his codefendants. And, as the Court explained in its order on Ibrahim's motion, the only possible alternative—a continuance—is not viable, practical, or in the interests of justice. (ECF No. 475 at 2–3.)

Nur has not satisfied the standard for severance under Rule 14, and granting the motion is not in the interests of justice. The motion for severance (ECF No. 473.) is DENIED.

Dated: April 20, 2024

BY THE COURT:

s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge

---

[1] Nur moved to file under seal (ECF No. 474.) The Court grants the motion to seal.