

40 Fulton Street, 17th Floor
New York, New York 10038
Tel: (212) 335-3900 | Fax: (212) 335-3909
www.saponepetrillo.com

May 6, 2024

The Honorable Nancy E. Brasel
United States District Court for the
District of Minnesota
300 South Fourth Street
Minneapolis, MN 55415

    Re:    *United States v. Farah (Abdimajid Mohamed Nur)*
            Ind. No. 22-cr-124 (NEB/TNL)

Dear Judge Brasel:

I respectfully submit this letter motion in support of my request that Your Honor reconsider your ruling yesterday afternoon by which the Court sustained the government's objection to an exhibit (the "Video") marked and offered by Patrick Cotter, Esq., counsel for Defendant Mohamed Jama Ismail.

The Video is 39 seconds, and it depicts a long line of people waiting to get food at the day care center (the "Center") located near the gas station and convenience store (the "Holiday Station") owned by government witness Demaris Graffunder. The line of people extends from the Center to the corner, and wraps around the corner and continues.

Pursuant to a standing agreement among all of the defendants on trial, all defendants sought introduction of the Video[1], and join in this motion. Additionally, I had intended yesterday afternoon to offer a copy of the Video if Mr. Cotter had not done so.

Outside the presence of the jury, Mr. Cotter showed Ms. Graffunder the Video. Minus an initial equivocation, during cross-examination she testified to the following key points:

---

[1] At the start of the trial on April 22, 2004, the defendants moved the Court on the record to permit each of them to join in each other's motions and applications during the trial. Without objection by the government, the Court granted that application, and the defendants have been operating accordingly.

Hon. Nancy E. Brasel
May 6, 2024

1. She recognizes the area depicted in the Video, i.e., the area outside the Center, including the lines of people.
2. In 2021, she repeatedly saw the area depicted in the Video, i.e., the area outside the Center, including the lines of people, as she had repeatedly checked her video surveillance camera in 2021; and
3. The Video fairly and accurately depicts the area outside the Center, including the lines of people, in 2021.

Based on the foregoing, we respectfully suggest that the Video was admissible for the limited purpose of accurately depicting Ms. Graffunder's recollection of the size of the lines outside the Center during the pertinent time period of 2021.

Ms. Graffunder testified on direct-examination that the lines were sparse, a fact the government elicited, no doubt, as part of its theory that the defendants could not have been serving a volume of meals consistent with the funds they received.  (This, of course, is a central issue in the case.)  The same witness, however, acknowledged that the Video accurately depicts the area outside the Center, including the lines of people waiting for meals during the relevant time period of 2021.

Yesterday afternoon, the government successfully argued that Mr. Cotter failed to establish a proper foundation.  We respectfully disagree.

Rule 901 of the Federal Rules of Evidence provides that, "[t]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient

Hon. Nancy E. Brasel
May 6, 2024

to support a finding that the item is what the proponent claims it is." Rule 901(a). Subsection (b) provides a non-exhaustive list ("not a complete list") of examples that satisfy the requirement.[2]

---

[2] Rule 901(b) provides:

> **(b) Examples.** The following are examples only--not a complete list--of evidence that satisfies the requirement:
>
> **(1) Testimony of a Witness with Knowledge.** Testimony that an item is what it is claimed to be.
>
> **(2) Nonexpert Opinion About Handwriting.** A nonexpert's opinion that handwriting is genuine, based on a familiarity with it that was not acquired for the current litigation.
>
> **(3) Comparison by an Expert Witness or the Trier of Fact.** A comparison with an authenticated specimen by an expert witness or the trier of fact.
>
> **(4) Distinctive Characteristics and the Like.** The appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances.
>
> **(5) Opinion About a Voice.** An opinion identifying a person's voice--whether heard firsthand or through mechanical or electronic transmission or recording--based on hearing the voice at any time under circumstances that connect it with the alleged speaker.
>
> **(6) Evidence About a Telephone Conversation.** For a telephone conversation, evidence that a call was made to the number assigned at the time to:
>
> **(A)** a particular person, if circumstances, including self-identification, show that the person answering was the one called; or
>
> **(B)** a particular business, if the call was made to a business and the call related to business reasonably transacted over the telephone.
>
> **(7) Evidence About Public Records.** Evidence that:
>
> **(A)** a document was recorded or filed in a public office as authorized by law; or
>
> **(B)** a purported public record or statement is from the office where items of this kind are kept.
>
> **(8) Evidence About Ancient Documents or Data Compilations.** For a document or data compilation, evidence that it:
>
> **(A)** is in a condition that creates no suspicion about its authenticity;
>
> **(B)** was in a place where, if authentic, it would likely be; and
>
> **(C)** is at least 20 years old when offered.
>
> **(9) Evidence About a Process or System.** Evidence describing a process or system and showing that it produces an accurate result.
>
> **(10) Methods Provided by a Statute or Rule.** Any method of authentication or identification allowed by a federal statute or a rule prescribed by the Supreme Court.

4

Hon. Nancy E. Brasel
May 6, 2024

The Eighth Circuit has enumerated several factors relevant to determining whether a proper foundation has been laid to authenticate a video recording, *United States v. McMillan*, 508 F.2d 101 (8th Cir. 1974),[3] but has cautioned that these factors "are not to be applied rigidly," and that "[a] recording can be admitted 'even if not every factor is explicitly and completely met,' as long as the totality of the circumstances satisfy a court that the recording is reliable.")." *United States v. Kimble*, 54 F.4th 538, 547 (8th Cir. 2022), quoting *United States v. Oslund*, 453 F.3d 1048, 1057 (8th Cir. 2006). Thus, in *United States v. Kimble* the circuit affirmed the admission of "14 separate files containing video and audio recordings, phone calls, and text messages," even though "the government did not satisfy every *McMillan* factor before every piece of evidence in Exhibit 5 was admitted," because under the "'totality of the circumstances surrounding the recordings,' the government laid an adequate foundation to assure the district court of the recordings' reliability." *Id., quoting United States v. Oslund, 453 F.3d 1048, 1057 (8th Cir. 2006).* The lynchpin of admissibility, therefore, is "reliability." *Id.*

Here, the Video reliably depicts Ms. Graffunder's recollection of the lines of people waiting for food outside the Center during the relevant time period because she swore under oath that it does. It, therefore, "is what the proponent claims it is." *See* Fed.R.Evid. 901(a). This is the only purpose for which we offer the Video; it is not offered for any dialogue – none can be discerned from it, and we agree that any volume should be muted. Nor do we offer the Video as identifying the persons present or even the date of the Video. We offer it solely as accurately depicting the witness' recollection of the lines of people outside the Center during the time frame about which she testified, the year 2021. *See United States v. Banks,* 43 F.4th 912, 918 (8th Cir. 2022) (explaining that "[t]o authenticate the challenged exhibits, the government needed only to "produce evidence sufficient to support a finding" that the exhibits were what the government claimed they were.").

Respectfully, we believe that Mr. Cotter laid a sufficient foundation, the video is relevant, and it should be admitted.

In addition to being admissible under Rule 901 and the cited Eighth Circuit caselaw, the video should be admitted because it is integral to the defendants' Sixth Amendment rights to the compulsory process, to confront witnesses and to present a defense. This issue couldn't be more important to the defense, and this video directly contradicts Ms. Graffunder's direct testimony regarding her claim of the small numbers of people and the small size of the lines of people who showed up for food in 2021. She specifically testified that the lines extended only to the corner.

---

[3] "We consider whether a party has established that (1) the device was capable of recording, (2) the operator of the recording device was competent, (3) the recording is authentic and correct, (4) the recording has not been changed, (5) the recording has been preserved, (6) any speakers in the recording are identified, and (7) the conversation was voluntary." *United States v. Kimble*, 54 F.4th 538, 547 (8th Cir. 2022), citing *United States v. McMillan*, 508 F.2d 101 (8th Cir. 1974)

4

Hon. Nancy E. Brasel
May 6, 2024

The Eighth Circuit has enumerated several factors relevant to determining whether a proper foundation has been laid to authenticate a video recording, *United States v. McMillan*, 508 F.2d 101 (8th Cir. 1974),[3] but has cautioned that these factors "are not to be applied rigidly," and that "[a] recording can be admitted 'even if not every factor is explicitly and completely met,' as long as the totality of the circumstances satisfy a court that the recording is reliable.")." *United States v. Kimble*, 54 F.4th 538, 547 (8th Cir. 2022), quoting *United States v. Oslund*, 453 F.3d 1048, 1057 (8th Cir. 2006). Thus, in *United States v. Kimble* the circuit affirmed the admission of "14 separate files containing video and audio recordings, phone calls, and text messages," even though "the government did not satisfy every *McMillan* factor before every piece of evidence in Exhibit 5 was admitted," because under the "'totality of the circumstances surrounding the recordings,' the government laid an adequate foundation to assure the district court of the recordings' reliability." *Id., quoting United States v. Oslund, 453 F.3d 1048, 1057 (8th Cir. 2006).* The lynchpin of admissibility, therefore, is "reliability." *Id.*

Here, the Video reliably depicts Ms. Graffunder's recollection of the lines of people waiting for food outside the Center during the relevant time period because she swore under oath that it does. It, therefore, "is what the proponent claims it is." *See* Fed.R.Evid. 901(a). This is the only purpose for which we offer the Video; it is not offered for any dialogue – none can be discerned from it, and we agree that any volume should be muted. Nor do we offer the Video as identifying the persons present or even the date of the Video. We offer it solely as accurately depicting the witness' recollection of the lines of people outside the Center during the time frame about which she testified, the year 2021. *See United States v. Banks,* 43 F.4th 912, 918 (8th Cir. 2022) (explaining that "[t]o authenticate the challenged exhibits, the government needed only to "produce evidence sufficient to support a finding" that the exhibits were what the government claimed they were.").

Respectfully, we believe that Mr. Cotter laid a sufficient foundation, the video is relevant, and it should be admitted.

In addition to being admissible under Rule 901 and the cited Eighth Circuit caselaw, the video should be admitted because it is integral to the defendants' Sixth Amendment rights to the compulsory process, to confront witnesses and to present a defense. This issue couldn't be more important to the defense, and this video directly contradicts Ms. Graffunder's direct testimony regarding her claim of the small numbers of people and the small size of the lines of people who showed up for food in 2021. She specifically testified that the lines extended only to the corner.

---

[3] "We consider whether a party has established that (1) the device was capable of recording, (2) the operator of the recording device was competent, (3) the recording is authentic and correct, (4) the recording has not been changed, (5) the recording has been preserved, (6) any speakers in the recording are identified, and (7) the conversation was voluntary." *United States v. Kimble*, 54 F.4th 538, 547 (8th Cir. 2022), citing *United States v. McMillan*, 508 F.2d 101 (8th Cir. 1974)

Hon. Nancy E. Brasel
May 6, 2024

Without admission of this video, her direct testimony regarding this central trial issue will be left unrebutted.

Given the sparse record regarding the reasons for exclusion, to the extent that the Court believes that the Video is inadmissible for any reason not discussed in this motion, we respectfully ask that the Court state such additional reason or reasons on the record tomorrow or whenever convenient to the Court so we may address them.

We thank Your Honor for considering this motion to reconsider.

      Respectfully submitted,

      *Edward V. Sapone*
      Edward V. Sapone (ES-2553)
      Counsel to Defendant
      Abdimajid Mohamed Nur

      cc: All Government and Defense Counsel (BY ECF and Email)