UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 22-124 (NEB/TNL)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) **GOVERNMENT'S RESPONSE** |
| | ) **TO DEFENDANTS' MOTION FOR** |
| ABDIAZIZ SHAFII FARAH, | ) **RECONSIDERATION** |
| MOHAMED JAMA ISMAIL, | ) |
| ABDIMAJID MOHAMED NUR, | ) |
| SAID SHAFII FARAH, | ) |
| ABDIWAHAB MAALIM AFTIN, | ) |
| MUKHTAR MOHAMED SHARIFF, and | ) |
| HAYAT MOHAMED NUR, | ) |
| Defendants. | ) ) |

The United States of America, by and through its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, Joseph H. Thompson, Harry M. Jacobs, Matthew S. Ebert, Chelsea A. Walcker, and Daniel W. Bobier, Assistant United States Attorneys, respectfully submits the following opposition to the motion for reconsideration filed by Defendants Abdiaziz Shafii Farah, Mohamed Jama Ismail, Abdimajid Mohamed Nur, Said Shafii Farah, Abdiwahab Maalim Aftin, Mukhtar Mohamed Shariff, and Hayat Mohamed Nur. Dkt. 507. For the reasons stated below, Defendants' motion should be denied.

Videos are inadmissible absent proper foundation. Fed. R. Evid. 901. To pass that bar, the proponent must "satisfy" the Court that "the recording is reliable" given "the totality of the circumstances." *United States v. Kimble*, 54 F.4th 538, 547 (8th Cir. 2022) (Defendants' case). Defendants are right that the so-called *McMillan*

1

factors need not be strictly and exhaustively satisfied for a video to be admitted, *see Kimble*, 54 F.4th at 547, but this does not help Defendants' motion. Those factors merely assist the Court in assessing whether a proponent of evidence has established foundation—that is, whether the proponent has "produced evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901; *see Kimble*, 54 F.4th at 547 (*McMillan* provides "merely helpful guidelines"). Defendants have failed to offer such evidence here.

Defendants maintain that the offered video shows "lines of people waiting for food outside the Center" during 2021—the only time period about which Ms. Graffunder testified. However, Defendants failed to elicit any testimony that could reasonably assure the Court of the video's vintage. That defect dooms their motion for reconsideration.

Ms. Graffunder testified that, on at least one occasion, she saw a line of people in front of the daycare center by her Holiday store. She specified that she saw few people and that the line did not extend beyond or warp around the corner of the daycare. (On this, the government and Defendants agree. *See* Dkt. 507 at 4-5.) That means that the video—which, as Defendants point out, depicts people standing in a line that wraps *around* the corner (on some unknown date)—does not reflect what she saw. On cross, she said as much. Defendants are thus wrong to contend that Ms. Graffunder "swore under oath" that "the Video reliably depicts [her] recollection." Dkt. 507 at 4. The opposite is true. At bottom, the Court has no way of knowing,

because Ms. Graffunder did not know, whether the video dates from 2021, as opposed to any other year.

This problem also defeats any notion that admission is necessary to preserve Defendants' Sixth Amendment rights. If the video is not from 2021, it does not and cannot "contradict Ms. Graffunder's direct testimony." Dkt. 507 at 4. Defendants' attempt to contort this video into impeachment material should also be rejected.

This is not a close question. The evidence at bar has not identified the video's provenance or its vintage. The only witness that has testified about it has said it does not align with her knowledge and experience. If Defendants wish to seek admission of this video, they should call whoever filmed it or, at least, someone present for the events depicted the video. At present, Defendants have elicited only a contradiction of the video's depictions. That does not suffice.

As the proponents, Defendants bear the burden to persuade the Court that the video is what they claim it to be. Fed. R. Evid. 901. They have not met that burden, as the Court correctly determined on May 5. That ruling should stand.

Date: May 8, 2024                                Respectfully submitted,

                                        ANDREW M. LUGER
                                        United States Attorney

                          BY:   /s/ *Joseph H. Thompson*
                                        JOSEPH H. THOMPSON
                                        HARRY M. JACOBS
                                        MATTHEW S. EBERT
                                        CHELSEA A. WALCKER
                                        DANIEL W. BOBIER
                                        Assistant U.S. Attorneys