UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | Case No. 22-0124 (NEB/TNL) |
| Plaintiff, | |
| v. | HAYAT NUR'S MOTION AND MEMORANDUM FOR A JUDGEMENT OF ACQUITTAL PURSUANT TO RULE 29 |
| Hayat Mohamed Nur, | |
| Defendant. | |

---

## INTRODUCTION

Hayat Mohamed Nur, by and through her attorneys, Michael J. Brandt and Nicole A. Kettwick, moves the Court for a judgement of acquittal as to Count 34 pursuant to Rule 29 of the Federal Rules of Criminal Procedure.

## LEGAL STANDARD

A defendant is entitled to a judgment of acquittal if the evidence produced against her is insufficient to sustain a conviction. Fed. R. Crim. P. 29(a). After the government rests, the Court must enter a judgement of acquittal of any offense for which the evidence is insufficient to sustain a conviction. In considering the motion, the Court is to view the evidence in the light most favorable to the government and accepting all reasonable inferences supported by the evidence. *United States v. Espinosa*, 585 F.3d 418, 423 (8th Cir. 2009). The record must contain substantial evidence supporting the jury's verdict, meaning the evidence is sufficient to prove the elements of the crime beyond a reasonable doubt. *Id*.; *see United States v. Brooks-Davis*, 984 F.3d 695 (8th Cir. 2021). However, where the evidence is equally strong to infer innocence of

1

the crime charged as it is to infer guilt, the court has a duty to direct an acquittal. *United States v. Kelton*, 446 F.2d 669, 671 (8th Cir. 1971).

In light of these standards, it is clear that the evidence presented against Ms. Nur at trial is insufficient to support a conviction as to count 34. Specifically, the government has failed to prove element one, that on or about August 9, 2021, Hayat Nur knowingly caused a payment for approximately $11,504, of Count 34—Money Laundering—beyond a reasonable doubt. For this reason, Ms. Nur requests a judgment of acquittal on Count 34 pursuant to Rule 29(c).

## ARGUMENT

### A. Count 34: Money Laundering

Count 34 of the indictment charges Ms. Nur with money laundering in violation of 18 U.S.C. § 1957 for the payoff of a loan by Abdimajid Nur to Wings Financial Credit Union for a 2019 Nissan Altima.

In this case the evidence presented by the government is that Abdimajid Nur obtained a loan from Wings Financial Credit Union on November 11, 2020, with Hayat Nur acting as a cosigner. This fact is shown by Exhibit O-103 on pages 1 and 3 where Abdimajid Nur is listed as the "applicant."[1] Pages 5-12 of Exhibit O-103 contain loan statements listing only Abdimajid Nur. All payments for the loan can be traced to Abdimajid Nur. Specifically, Exhibit O-97 (Abdimajid Nur's Wells Fargo checking account records) shows four payments to Wings Financial Credit Union on December 15, 2020, January 21, 2021, February 18, 2021, and April 2, 2021. Exhibit O-29 (Nur Consulting's Old National Bank account records) show a payment to Wings Financial Credit union April 30, 2021. And last, Exhibit O-30 (Nur Consulting's Chase account records) shows the payoff of $11,444.94.

---

[1] While Ms. Nur is also shown as an "applicant," all subsequent documents show only Abdimajid Nur on the account.

All transactions regarding the 2019 Nissan Altima were made by Abdimajid Nur from accounts controlled by him. The government has failed to prove beyond a reasonable doubt element one of the Money Laundering charge—that Hayat Nur "knowingly caused a payment for approximately $11,504." The government has produced no evidence that Ms. Nur had any involvement with the repayment of the loan or caused any payments.

Under the government's theory, if a parent cosigns on a college loan and the child later pays it off with drug money or some other illegal means, the parent would be guilty of money laundering. This notion is both unreasonable and unsupported by the evidence. The mere act of cosigning a loan does not equate to participating in or having knowledge of any illegal activity related to the repayment of that loan.

The crime of money laundering, as charged here, is effectively the repayment of the Wings Financial loan with funds that were proceeds of a criminal offense. In this case, Hayat Nur did not make any payments towards the loan; this was Abdimajid Nur's responsibility as the owner of the vehicle. As noted above, all evidence indicates that Abdimajid Nur made all payments for the loan from his accounts including the final payoff amount.

The jury instruction as to element one notes that, [a] defendant may be found to have attempted to conduct a financial transaction if he or she intended to conduct a financial transaction and voluntarily and intentionally carried out some act which was a substantial step toward conducting that financial transaction, even if the transaction was never completed[2]. This explication of element one demonstrates that the government must prove that Hayat Nur, "intentionally carried out some act…toward conducting [the] financial transaction…" In this case there is no evidence that she did anything regarding any transactions regarding the loan. Beyond lacking any evidence that she

---

[2] Manual of Model Criminal Jury Instructions for the Eighth Circuit, §§ 6.18.1957.

caused any payments on the vehicle, including the final payment in question, there is no evidence that she benefited from the payoff of the loan, the use of the vehicle, or otherwise derived any benefit from the vehicle.

## CONCLUSION

The government has failed to demonstrate that Ms. Nur knowingly engaged in a monetary transaction. As a cosigner on the loan, Ms. Nur's involvement did not extend to making payments or having knowledge of the funds being used. Because there is no evidence showing such knowledge or involvement the government has not met its burden for element one of the money laundering charge under 18 U.S.C. § 1957.

For the foregoing reasons, Ms. Nur respectfully requests this Court to enter a Judgment of Acquittal as to Count 34 pursuant to Federal Rules of Criminal Procedure 29.

Respectfully submitted,
**Brandt Kettwick Defense**

Dated: 05/28/2024

/S/ Michael J. Brandt
Michael J. Brandt, Attorney No. 241548
Nicole A. Kettwick, Attorney No. 391329
Attorneys for Defendant
2150 Third Avenue North Suite 210
Anoka, Minnesota 55303
763.421.6366

4