UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 22-124(7) (NEB/TNL)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) **GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR RELEASE PENDING SENTENCING** |
| MUKHTAR MOHAMED SHARIFF, | ) |
| Defendant. | ) |

The United States of America, by and through its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, Joseph H. Thompson, Harry M. Jacobs, Chelsea A. Walcker, Matthew S. Ebert, and Daniel W. Bobier, Assistant U.S. Attorneys, respectfully submits the following response to defendant's renewed motion for release pending sentencing. Dkt. #592.

## I. BACKGROUND

Defendant Mukhtar Shariff was convicted at trial of participating in a fraudulent scheme to obtain nearly $50 million in federal child nutrition program funds. Shariff testified at trial, denying involvement in the scheme and claiming that he had devoted him time and efforts to ensuring children received meals and to build an east African cultural center. The jury did not belief is testimony and convicted him.

On the June 2, 2024, the night before the conclusion of closing arguments and the beginning of jury deliberations, several of Shariff's co-defendants attempted to bribe one of the jurors with a bag containing $120,000 in cash.

The following day—June 3—the government informed the Court of the bribe attempt. That day, the Court granted the government's motion to revoke the release of Shariff and his co-defendants. On June 10, 2024, the Court ordered that Shariff be detained under 18 U.S.C. § 3143, which governs the detention of defendants pending sentencing. Dkt. #552.

On June 6, 2024, Shariff filed a motion to reconsider the order of detention. Dkt. #548. On June 10, 2024, Shariff filed a motion for release pending sentencing. Dkt. #564, The Court denied the motions. Dkt. #584. In doing so, the Court found that Shariff could not overcome the presumption of detention with clear and convincing evidence that he did not pose a risk of nonappearance or danger to the community. *Id.* The Court found that "Shariff has motive to flee—he was convicted of several serious felonies and faces a lengthy sentence. He also has somewhere to flee to—he was born in Somalia, has lived in Kenya and Egypt, and has significant financial and personal ties abroad." *Id.* at 1-2. The Court noted that Shariff's motion relied heavily on his ties to Minnesota, but found that in light of his ties aboard, "Shariff's ties to Minnesota are not enough to overcome the weighty presumption favoring detention." *Id.* at 2. The Court explained that it was not considering the allegations of jury bribery in making the finding. *Id.* at 1, n.1.

Shariff has now filed a renewed motion for release pending sentencing. Dkt. #592. He again argues that his ties to Minnesota are sufficient to rebut the presumption of detention by clear and convincing evidence. He claims that his foreign ties are "minimal" and far outweighed by his ties to Minnesota. *Id.* at 8.

The Court already rejected these arguments. Nothing has changed since the Court denied Shariff's earlier motion for release.[1] As the Court heard at trial, and as outlined in the government's response to Shariff's initial motion for release (Dkt. #583), Shariff has extensive ties abroad. Indeed, he called an expert witness to testify about his ties to Somalia and east Africa and explain how Shariff and others like him have one foot in both worlds. As his own expert's testimony underscored, the fact that he has children and family in Minnesota does not mean that he does not retain ties aboard. Nor does it establish, by clear and convincing, that he does not pose a risk of nonappearance or danger to the community. Moreover, Shariff's continued denials of involvement in the fraud scheme only serve to underscore the risk of nonappearance.

## II. CONCLUSION

For the reasons set forth above, the government respectfully requests that defendant's renewed motion for release pending sentencing be denied.

Dated: August 13, 2024

Respectfully Submitted,

ANDREW M. LUGER
United States Attorney

BY:   /s/ *Joseph H. Thompson*
JOSEPH H. THOMPSON
MATTHEW S. EBERT
HARRY M. JACOBS
CHELSEA A. WALCKER
DANIEL W. BOBIER
Assistant U.S. Attorneys

---

[1] The fact that Shariff has not been charged in the investigation of the jury bribery does not affect the Court's prior ruling because the Court expressly did NOT consider the jury bribery allegations and assumed, for purposes of that motion, that he was not involved in the bribery. Dkt. #584 at 1, n1.