UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. CR 22-124(2) (NEB)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>vs.<br><br>Mohamed Jama Ismail,<br><br>      Defendant. | **DEFENDANT'S RESPONSE TO THE GOVERNMENT'S POSITION REGARDING SENTENCING** |

The Defendant, by and through his attorney, Patrick L. Cotter, and pursuant to, respectfully submits the following response to the government's position regarding sentencing in this matter Doc. 686 and 674.

**I.  The Court May Find That His Conviction for Obtaining a Passport by False Statement Conviction is Relevant Conduct Without Making a Finding that An Obstruction of Justice Enhancement Applies.**

In response to the Government's argument pg. 13 paragraph IV., Mr. Ismail moves that the Court may find that his Obtaining a Passport by False Statement conviction is relevant conduct, not counted for criminal history points while also not applying an Obstruction of Justice enhancement.  Conduct underlying a sentence imposed *after* a defendant commenced the instant offense may be considered relevant conduct to the instant offense if it otherwise qualifies under section §1B1.3(a)(2). *USSG §4A1.2 comment (n. 1)*. If the Court makes this finding the sentence for relevant conduct does not accrue criminal history points. *Id.* If the conduct does not accrue criminal history points than the two-level reduction as a zero-point offender still applies.  There is no dispute that Mr. Ismail's

passport was seized as part of the investigation into the offense conduct his is being sentenced. There is no dispute the offense conduct happened after Ismail commenced the conduct for which he is being sentenced. There is no dispute he pled guilty, accepted responsibility for that conduct and served his sentence. The relevant conduct of lying to get the passport that was seized as part of this investigation does not require a finding that Ismail intended to flee potential prosecution for yet uncharged crimes at the time vs. his intention to see his family. Simply put one finding of "relevant conduct" does not absolutely require another finding of "obstruction of justice."

Certainly, it is not Ismail's intention to increase his criminal history score nor lose his zero-point offender status. Should the Court reject Mr. Ismail's position than he would not persist on the objection to the Obstruction of Justice Enhancement.

**II.    The Government Allegation that Mr. Ismail will Leave Prison a Rich Man is Fanciful.**

First, Mr. Ismail has disclosed any potential assets he has, and he did so long before preparation for sentencing. Second, his bank and investment accounts have either been seized by the Government or closed. Third, his family's home is subject to a preliminary forfeiture Order issued by this Court. Fourth, the Government knows that Mr. Ismail will be required to cooperate with probation and the Government regarding collection of restitution and forfeiture of assets as part of the Court's sentence. The government's argument he will be a "rich man" is tailored to inflaming passion rather than addressing any of the appropriate sentencing factors. Finally, the alleged 2 items of real estate assets in Africa currently have no legal protections, as far as Mr. Ismail knows, and are subject to

arbitrary and capricious confiscation or repurposing by others in Kenya. Mr. Ismail has not legal ability to claim ownership and the likelihood he will regain ownership upon his release from prison in the United States is fanciful. The governments line of argument in this regard does not further any recognized sentencing objective.

                                          Respectfully submitted,

Dated:   October 14, 2024                        */s/ Patrick L. Cotter*
                                                        Patrick L. Cotter
                                                        Attorney No. 0319120
                                                        Attorney for Defendant
                                                        105 Hardman Court, Suite 110
                                                        South St. Paul, MN 55075
                                                        Phone: 651-455-1555
                                                        Fax: 651-455-9055
                                                        patrick@siebencotterlaw.com