UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2. MOHAMED JAMA ISMAIL,

    Defendant.

Case No. 22-cr-124 (NEB/DTS)

**RESPONSE TO MOTION TO STAY FORFEITURE PROCEEDINGS**

The United States of America, through Joseph H. Thompson, Acting United States Attorney for the District of Minnesota, and Craig R. Baune, Assistant United States Attorney, respectfully submits this response to the *pro se* Motion to Stay Forfeiture Proceedings filed by Defendant Mohamed Jama Ismail as ECF No. 892.

The motion seeking discretionary relief should be denied as moot because the United States has already entered into an Occupancy Agreement with the Defendant's spouse, Deqa Yusuf, through which it has agreed to allow Yusuf and her children to remain in the property located at 13825 Edgewood Avenue, South, Savage, Minnesota ("Property"). Yusuf and the United States Marshals Service entered into the attached Occupancy Agreement on or about November 11, 2024. Declaration of Craig Baune, Ex. A. The Agreement provides that Yusuf and five family members may reside at the Property notwithstanding the entry of a Preliminary Order of Forfeiture. The Agreement allows Yusuf and the other listed occupants to remain there until a Final Order of Forfeiture is issued for the Property. Agreement ¶ 21. The Agreement further

recognizes that Yusuf's occupancy could be extended beyond the entry of a Final Order of Forfeiture, although that has not yet occurred.

The United States has not moved for a Final Order of Forfeiture that includes the Property.[1] Before that can happen, it will need an order from the Court that disposes of the Petition Deqa Yusuf filed on September 10, 2025.[2] *See* Fed. R. Crim. P. 32.2(c)(2) ("When the ancillary proceeding ends, the court must enter a final order of forfeiture"). The ancillary proceeding, which just started, will not end for some time.

Motions to stay forfeiture seek discretionary relief, and there is significant caselaw that sets forth how such motions have been be addressed on the merits. *See, e.g., United States v. Petters*, Crim. No. 08-364 (RHK/AJB), 2010 WL 1254353, at *1 (D. Minn. Mar. 24, 2010) (considering the following four factors in deciding whether to exercise discretion to issue a stay of forfeiture: "(1) the defendant's likelihood of success on appeal; (2) whether the forfeited asset will likely depreciate over time; (3) the forfeited asset's intrinsic value to the defendant; and (4) the expense of maintaining the forfeited asset"); s*ee also United States v. Johnson,* 956 F.3d 510, 520 (8th Cir. 2020) (affirming denial of motion to stay forfeiture where "the district court considered that Johnson's convictions were well-supported by law and evidence, that the forfeited

---

[1] The United States will soon move for a Final Order of Forfeiture for the other property included in the Final Order of Forfeiture against Ismail. Ismail's Motion to Stay Forfeiture concerns only the residence at 13825 Edgewood.

[2] Although the Agreement contains a provision that would allow termination upon 30-day written notice, no such notice has been served. The government acknowledges that the Motion to Stay Forfeiture proceedings would become ripe for judicial determination if such a notice were served.

property did not have intrinsic value to Johnson, and that the government might incur significant expense if required to store and maintain the forfeited property during the pendency of the appeal.").

But there is no need to address these factors at this time because the Occupancy Agreement—signed by Yusuf—is already in place. If the United States moves for a Final Order of Forfeiture before Ismail's appeals are final without agreeing to extend the Occupancy Agreement, or if it serves notice that it intends to terminate the Occupancy Agreement, then this matter will become ripe. If that happens, the Court will be in a better position to address the four factors set forth above. Until then, this Court should deny without prejudice the Motion to Stay Forfeiture Proceedings.

Respectfully submitted,

Dated: 9/19/2025

JOSEPH H. THOMPSON
Acting United States Attorney

 s/Craig Baune
BY:  CRAIG R. BAUNE
Assistant U.S. Attorney
Attorney ID No. 331727
600 United States Courthouse
300 South Fourth Street
Minneapolis, MN 55415
Phone:  612-664-5600
Craig.baune@usdoj.gov

3