**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

UNITED STATES OF AMERICA,

        Plaintiff,

     v.

3. MAHAD IBRAHIM,

        Defendant.

Case No. 22-cr-124 (NEB/DTS)

**MOTION FOR PRELIMINARY**
**ORDER OF FORFEITURE**

The United States of America, through Daniel N. Rosen, United States Attorney for the District of Minnesota, and Craig R. Baune, Assistant United States Attorney, respectfully moves this Court for a Preliminary Order of Forfeiture that includes: (1) directly traceable assets set forth below; (2) a $7,324,412 money judgment forfeiture pursuant to 18 U.S.C. § 981(a)(1)(c), 28 U.S.C. § 2461(c) and Fed. R. Crim. P. 32.2; (3) a General Order of Forfeiture pursuant to Fed. R. Crim. P. 32.2(b)(2)(C); and (4) an order authorizing discovery to locate assets subject to forfeiture.

## BACKGROUND

On September 13, 2022, a Grand Jury in the District of Minnesota returned a Superseding Indictment against Defendant Mahad Ibrahim and others. ECF No. 57. The Superseding Indictment contained Forfeiture Allegations providing notice that the United States sought forfeiture, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any property, real or personal, constituting or derived from proceeds traceable to Counts 1 through 19 of the Indictment, and the United States sought forfeiture, pursuant to 18 U.S.C.

§ 982(a)(1), of any property, real or personal, involved in a transaction or attempted transaction in violation of 18 U.S.C. §§ 1956 and 1957 upon conviction of any of Counts 20 through 42. *Id.*

On July 24, 2025, the United States and Ibrahim entered a plea agreement through which Ibrahim pled guilty to Counts 5 (Wire Fraud) and 36 (§ 1957 Money Laundering) of the Superseding Indictment. ECF No. 842.

Through the Plea Agreement, Ibrahim admitted that from approximately September 2016 to June 2021 he served as president and founder of ThinkTechAct Foundation ("ThinkTechAct"), a Minnesota nonprofit educational organization that also operated under the name Mind Foundry Learning Foundation ("Mind Foundry"). *Id.* ¶ 2. During this period, these organizations participated in the Federal Child Nutrition Program ("FCNP") under the oversight of Partners in Nutrition and Feeding Our Future. Ibrahim's nonprofit worked with vendor organizations such as Abdiaziz Farah's "Empire" group, which purported to service more than two dozen FCNP sites throughout the State of Minnesota during 2020 and 2021. *Id.*

Ibrahim was aware of the high likelihood that vendor organizations then used ThinkTechAct to fraudulently bill program sponsors for food that was not provided to children who did not exist, using signed meal count sheets that inflated the number of meals served and rosters that contained false names. While he did not participate directly in his co-conspirators' signing of fraudulent meal count sheets or fabrication of rosters, Ibrahim was nonetheless aware of the high likelihood that his co-conspirators were abusing the lack of oversight from sponsors to profit from the

2

Federal food program. Ibrahim took deliberate steps to avoid learning about the full scale of his co-conspirators' fraudulent activities at sites the sponsor organizations believed were operated by his nonprofit. Ibrahim knowingly participated in the scheme by continuing to allow his nonprofit, ThinkTechAct, to be used to bill the food program, from which he directly profited. Ibrahim benefitted from the scheme by personally receiving substantial compensation from vendor organizations who used ThinkTechAct to defraud the Federal food program. *Id.*

Through this motion, the United States seeks an order forfeiting certain property seized from Ibrahim, imposing a money judgment forfeiture, authorizing discovery to locate assets that could be forfeited from him, and allowing forfeiture of any subsequently-discovered forfeitable assets.

## ARGUMENT

### I.    A PRELIMINARY ORDER OF FORFEITURE SHOULD BE ENTERED.

#### A. Legal Standard

The United States seeks a Preliminary Order of Forfeiture pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure. Rule 32.2(b) provides:

(b) Entering a Preliminary Order of Forfeiture.

(1) Forfeiture Phase of the Trial.

(A) Forfeiture Determinations. As soon as practical. . . after a plea of guilty. . . is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the court must determine whether the

3

government has established the requisite nexus between the property and the offense.. . .

(B) Evidence and Hearing. The court's determination may be based on evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable. If the forfeiture is contested, on either party's request the court must conduct a hearing after the verdict or finding of guilty.

(2) Preliminary Order.

(A) Contents of a Specific Order. If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture . . . directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria. The court must enter the order without regard to any third party's interest in the property. Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

Criminal forfeiture is a part of sentencing; it is not a substantive element of the offense. *Libretti v. United States*, 516 U.S. 29, 38-39 (1995). As such, the preponderance of the evidence standard of proof applies. *United States v. Huber*, 462 F.3d 945, 949 (8th Cir. 2006); *see also, e.g., United States v. Peithman,* 917 F.3d 635, 651 (8th Cir. 2019).

Because the governing statutes include compulsory terms, forfeiture is mandatory. *United States v. Williams,* 720 F.3d 674, 702 (8th Cir. 2013) (differentiating "shall" from "may" in forfeiture statutes). The plain language of 28 U.S.C. § 2461(c) mandates forfeiture when a defendant is convicted of an offense giving rise to forfeiture. *Id.* ("If the defendant is convicted of the offense giving rise to the forfeiture, the court shall order the forfeiture of the property as part of the sentence in the criminal

case. . .") (emphasis added); *see also United States v. Blackman*, 746 F.3d 137, 143 (4th Cir. 2014) ("The word 'shall' does not convey discretion").

Moreover, "Forfeiture is mandatory even when restitution is also imposed." *Id.*; *see also United States v. Newman*, 659 F.3d 1235, 1241 (9th Cir. 2011) (defendant, pursuant to 18 U.S.C. § 982(a)(2), is "not entitled to a credit for the amount that he had repaid toward the fraudulently obtained loan."); *United States v. Adetiloye*, 716 F.3d 1030, 1041 (8th Cir. 2013) ("Restitution is loss based, while forfeiture is gain based.") (citations omitted). Although forfeiture and restitution are separate aspects of a criminal sentence, forfeited assets are often used to compensate criminal victims through the remissions process authorized by 28 C.F.R. Part 9.

Third party claims to forfeitable property are addressed in an ancillary proceeding and are not at issue at this stage of the forfeiture process. *See* 21 U.S.C. § 853(n) (as incorporated by 28 U.S.C. § 2461(c)); Fed. R. Crim. P. 32.2(c).

**B. Forfeiture Authority**

Ibrahim has pled guilty to Wire Fraud in violation of 18 U.S.C. § 1343. As a consequence, 18 U.S.C. § 981(a)(1)(C) mandates forfeiture of "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to . . . any offense constituting 'specified unlawful activity' (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense."[1]

---

[1] Pursuant to 18 U.S.C. § 1956(c)(7)(A), the term "specified unlawful activity" includes any act or activity constituting an offense listed in section 1961(1). The offenses listed in section 1961(1) include wire fraud. Although 18 U.S.C. § 981(a)(1)(C) is a civil forfeiture provision, 28 U.S.C. § 2461(c) authorizes criminal forfeiture when a

Proceeds of a wire fraud scheme include all gross receipts of the scheme. *See, e.g., United States v. Simmons,* 154 F.3d 765, 770-772 (8th Cir. 1998) (interpreting similar forfeiture authority for RICO violation, holding, "the better view is the one that defines proceeds as the gross receipts of the illegal activities); *United States v. Huber*, 404 F.3d 1047, 1058 (8th Cir. 2005) (defendant was not entitled to offset expenses, "even if the expenses were legitimately incurred by Huber, they would not reduce the amount subject to forfeiture"); *United States v. Hively*, 437 F.3d 752, 763 (8th Cir. 2006) (same); *United States v. Lo*, 839 F.3d 777, 792-94 (9th Cir. 2016) (all funds from defendant's fraud scheme were subject to forfeiture on conviction for mail and wire fraud, rather than only the amounts specified in counts of conviction).

Ibrahim has also pled guilty to Money Laundering in violation of 18 U.S.C. § 1957. As a result, the Court "shall order that the person forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property." 18 U.S.C. § 982(a)(1).

## II.    DIRECTLY FORFEITABLE PROPERTY SEIZED FROM IBRAHIM IS SUBJECT TO FORFEITURE

Ibrahim agreed in his plea agreement that items a. through d. below are subject to forfeiture because they constitute or were derived from proceeds traceable to the wire fraud scheme:

---

defendant is convicted of an offense for which civil forfeiture is authorized, as it has done here. ECF No. 57, Forfeiture Allegations. *See, e.g.*, *United States v. Jennings*, 487 F.3d 564, 583-84 (8th Cir. 2007) (affirming money judgment forfeiture based on mail fraud conviction pursuant to 18 U.S.C. 981(a)(1)(C) and 28 U.S.C. § 2461(c)); *Adetiloye*, 716 F.3d at 1041.

a.  The real property located at 5657 Maple Drive, Lewis Center, Ohio;

b.  $1,842,797.55 seized from US Bank account number 104785323379, held in the name of ThinkTechAct;

c.  $456,968.36 seized from Spire Credit Union account number 752231-00, held in the name of MIB Holdings LLC; and

d.  $448,285.14 seized from Spire Credit Union account number 752231-11, held in the name of MIB Holdings LLC.

As a result, all such property is subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) in conjunction with 28 U.S.C. § 2461(c).

In addition, item a above, the real property located at 5657 Maple Drive, Lewis Center, Ohio, is also subject to forfeiture pursuant to 18 U.S.C. § 982(a)(1) because that real property was the subject of a violation of 18 U.S.C. § 1957 (Count 36). *United States v. Hawkey,* 148 F.3d 920, 927-28 (8th Cir. 1998) (affirming forfeiture of motorhome that was traceable to a § 1957 violation, no credit was due to defendant for the value of subsequent improvements); *United States v. Beltramea*, 849 F.3d 753, 759-60 (8th Cir. 2017) (affirming forfeiture of real property that was involved in, and used to facilitate, the money laundering violation).[2]

---

[2]  The plea agreement notes that the Defendant may make a payment equal to the equity in the real property traceable to $620,000 of fraud proceeds he paid toward the real property if that payment is made with non-traceable funds at least 60 days before sentencing. If such a payment is made, the United States will seek an amendment to the Preliminary Order of Forfeiture to address it.

### III.    A MONEY JUDGMENT FORFEITURE OF $7,324,412 SHOULD BE ENTERED AGAINST MAHAD IBRAHIM.

**A. Personal Money Judgments Forfeitures are Authorized in Criminal Actions.**

Entry of a personal money judgment forfeiture is specifically authorized by Fed. R. Civ. P. 32.2(b)(1), and such orders have been repeatedly upheld. *See, e.g., United States v. Johnson*, 956 F.3d 510, 518 n.5 (8th Cir. 2020) (affirming $2.1 million money judgment forfeiture, with defendant receiving credit against that total for the value of forfeited assets); *Peithman*, 917 F.3d at 652 (affirming money judgment forfeiture imposed under 18 U.S.C. § 981(a)(1)(C), while remanding for a redetermination of the amount of the money judgment issued under 21 U.S.C. § 853), cert. denied, 140 S. Ct. 340 (2019); *United States v. Gregoire,* 638 F.3d 962, 971-72 (8th Cir. 2011) (money judgment forfeiture permitted based on mail fraud conviction; no jury determination required for amount of money judgment forfeiture); *Jennings*, 487 F.3d at 586 (affirming money judgment for amount of proceeds defendant derived from "honest services" mail fraud scheme).

"[T]he law does not demand mathematical exactitude in calculating the proceeds subject to forfeiture. . . Rather, district courts may use general points of reference as a starting point for a forfeiture calculation and make reasonable extrapolations supported by a preponderance of the evidence." *Peithman,* 917 F.3d at 651 (quoting *United States v. Prather,* 456 F.App'x 622, 626 (8th Cir. 2012)).

**B. The United States is Entitled to a $7,324,412 Money Judgment Forfeiture Against Ibrahim Pursuant to 18 U.S.C. § 981(a)(1)(C).**

Through his Plea Agreement, Ibrahim consented to a money judgment forfeiture of not more than $7,324,412 and not less than $1,500,000. ECF No. 842 ¶ 14. The United States moves for the money judgment forfeiture in the amount of $7,324,412. In support of this Motion, the United States submits the Declaration of FA Pauline Roase, which includes a series of spreadsheets setting forth the amount of fraud proceeds Ibrahim obtained through the fraud scheme (Exhibits A through F).

As **Exhibit A** shows, Ibrahim obtained in excess of $7,324,412 through the fraud scheme. This sum includes the following categories of proceeds Ibrahim obtained: (1) $1,247,724.07 from Afrique Hospitality Group LLC; (2) $4,371,666.71 from ThinkTechAct Foundation; (3) $1,538,170.18 from MIB Holdings LLC; (4) $146,813.27 deposits into Ibrahim's personal bank accounts; and (5) $20,038.02 from Mind Foundry Learning Foundation.

The basis for each of these categories of proceeds is set forth in detail in the Roase Declaration. These sums are consistent with evidence showing Ibrahim funneled fraud proceeds through various entities and co-conspirators and he used fraud proceeds to buy property for himself. Despite the large total, the sums above are a relatively conservative estimate of the fraud proceeds that Ibrahim obtained through the food program fraud scheme. For example, this calculation subtracts payments to co-conspirators from the total and exclude funds MIB Holdings received from Bushra, consistent with the Plea Agreement.

9

## IV.   A GENERAL ORDER OF FORFEITURE SHOULD BE ENTERED AGAINST IBRAHIM.

The United States also requests that a general order of forfeiture be entered against Ibrahim pursuant to Fed. R. Crim. P. 32.2(b)(2)(C). A general order of forfeiture, which is expressly authorized by the Federal Rules of Criminal Procedure, allows the government to seek the forfeiture of directly forfeitable property identified after the date of sentencing:

> **(C) General Order.** If, before sentencing, the court cannot identify all the specific property subject to forfeiture or calculate the amount of the money judgment, the court may enter a forfeiture order that:
>
> (i)    lists any identified property;
>
> (ii)   describes other property in general terms;
>
> (iii)  states that the order will be amended under Rule 32.2(e)(1) when additional specific property is identified or the amount of the money judgment has been calculated.

Fed. R. Crim. P. 32.2(b)(2)(C).

The government requests that the preliminary order of forfeiture include a general order of forfeiture as provided for in Fed. R. Crim. P. 32.2(b)(2)(C). Entry of a general order of forfeiture will allow the government to pursue directly forfeitable assets if any are identified after sentencing. Preserving the government's right to seek the direct forfeiture of assets based on evidence that such assets are traceable to the fraud scheme would allow the government to clear title to such assets and seek to recover proceeds that have been transferred to third parties. *See* 21 U.S.C. § 853(c)

10

(codifying the relation-back doctrine). A general order of forfeiture will provide an important tool in addition to the money judgment forfeiture requested above.

## V.    THE GOVERNMENT IS ENTITLED TO DISCOVERY TO LOCATE ASSETS SUBJECT TO FORFEITURE.

The United States also requests entry of an order pursuant to Fed. R. Crim. P. 32.2(b)(3) authorizing it to conduct discovery for the purpose of identifying and locating additional assets subject to forfeiture constituting or derived from proceeds Ibrahim obtained directly or indirectly from the wire fraud scheme, or assets of Ibrahim that may be substituted up to the value of the money judgment forfeiture. Rule 32.2(b)(3) authorizes the government, upon the entry of a preliminary order of forfeiture, to "conduct any discovery the court considers proper in identifying, locating, or disposing of the property" that has been forfeited to the United States. Such discovery may include the taking of depositions of witnesses. *See* 21 U.S.C. § 853(m); *United States v. Saccoccia*, 898 F. Supp. 53 (D.R.I. 1995) (government can take depositions for the purpose of locating assets controlled by the defendant that are subject to forfeiture). In addition, the reference in Rule 32.2(b)(3) to "any discovery the court considers proper" necessarily permits the court to authorize discovery under the Federal Rules of Civil Procedure. Such discovery includes but is not limited to the authority to issue a request for documents to a party under Rule 34 and to a non-party under Rules 34(c) and 45.

11

The United States also requests that the Court retain jurisdiction over this action pursuant to Rule 32.2(e) to forfeit any subsequently discovered directly forfeitable or substitute property, and to dispose of any third-party claims to such assets.

### III. CONCLUSION

For the foregoing reasons, the United States moves this Court for a Preliminary Order of Forfeiture:

1.      forfeiting the specific assets listed above to the United States;

2.      issuing a money judgment forfeiture in the amount of $7,324,412 against Ibrahim pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2;

3.      entering a General Order of Forfeiture against Ibrahim pursuant to Fed. R. Crim. P. 32.2(b)(2)(C); and

4.      allowing the United States to take discovery to identify additional assets potentially subject to forfeiture.

Respectfully submitted,

Dated: 3/25/2026

DANIEL N. ROSEN
United States Attorney

*s/Craig Baune*
BY: CRAIG R. BAUNE
Assistant U.S. Attorney
Attorney ID No. 331727
600 United States Courthouse
300 South Fourth Street
Minneapolis, MN 55415
Phone: 612-664-5600
Craig.baune@usdoj.gov