**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

UNITED STATES OF AMERICA,

            Plaintiff,

    v.

3. MAHAD IBRAHIM,

            Defendant.

Case No. 22-cr-124 (NEB/DTS)

**Declaration of Pauline Roase in
Support of Motion for Preliminary
Order of Forfeiture**

Pauline Roase, for her declaration pursuant to 28 U.S.C. § 1746, declares under penalty of perjury as follows:

1.    I am employed as a Forensic Accountant with Federal Bureau of Investigation and have been so employed since August 2014. As a Forensic Accountant, my primary duties and responsibilities consist of conducting financial investigations of individuals and businesses for possible violations of federal laws. I am presently assigned to the FBI's Minneapolis, Minnesota field office where I am a member of the Forensic Accounting Squad. During my employment as a Forensic Accountant, I have participated in various investigations involving mail fraud, wire fraud, fraud against the government, money laundering, and other criminal acts, including criminal schemes where individuals misappropriate money from the investing public. I have received training and gained experience in analyzing personal and business documents and records, and in analyzing direct and indirect relationships between various types of personal and business records and documents, tax returns, and legal and illegal businesses and activities.

2.      I am one of the investigators assigned to the investigation of Mahad Ibrahim and his co-defendants in this matter, among others, for their involvement in the food program fraud scheme.

3.      The information contained in this declaration includes information received from other law enforcement agencies and officers, including forensic accountants, agents, interviews with witnesses and others, admissions of the defendants, as well as information I have learned directly through my review of records and materials. This declaration does not include, and is not intended to include, all information known to me or to other law enforcement agents regarding this investigation.

4.      In his plea agreement, Ibrahim agreed to the forfeiture of one parcel of real property and the contents seized from three bank accounts. Ibrahim also consented to "a money judgment forfeiture in the amount of not more than $7,324,412 but not less than $1.5 million, which represents the amount of proceeds (Ibrahim) obtained from the wire fraud scheme." ECF No. 842 ¶ 14.

5.      Ibrahim obtained at least $7,324,412 in fraud proceeds. This Declaration is submitted in support of the Government's request for the maximum money judgment amount allowed based upon Ibrahim's plea agreement.

6.      **Exhibit A** is a spreadsheet summarizing the sources and amounts of fraud proceeds Ibrahim received which are included in the requested money judgment forfeiture. **Exhibit A** illustrates that because of the fraud scheme, Ibrahim obtained at least $7,324,412 of fraud proceeds directly and through entities he controls.

2

7.      The first category of proceeds consists of deposits to Afrique Hospitality Group LLC ("Afrique"). Ibrahim was CFO of Afrique and received half of Afrique's earnings. The other half of Afrique's earnings belonged to Ibrahim's co-defendant, Mukhtar Shariff, who was CEO. **Exhibit B** is a summary chart showing  the sources and uses of the funds that were paid into and out of Afrique's bank accounts, with additional calculations shown in the top right of the Exhibit. As **Exhibit B** shows, the deposits counted as food program fraud proceeds include money from ThinkTechAct Foundation, Empire Cuisine and Market LLC ("Empire Cuisine")/Empire Enterprises LLC ("Empire Enterprises"), Feeding Our Future, Bushra Wholesalers LLC, and other Defendant-owned entities. It also accounts for funds paid to Defendant's other companies, Empire accounts, Defendant's personal accounts, and Ikram Mohamed, among other deductions to avoid double-counting. The subtotal of net food program fraud proceeds received by Afrique as shown on **Exhibit B** is $2,495,448.13. This amount was divided in half in consideration of Shariff and Ibrahim's respective roles in operating Afrique. Ibrahim therefore received $1,247,724.07. This is consistent with the treatment of Defendant Shariff in his money judgment forfeiture. *See* ECF No. 680 ¶ 20, Ex. D, Chart 2.

8.      The second category of proceeds consists of deposits to ThinkTechAct Foundation. **Exhibit C** is a is a summary chart showing the sources and uses of funds that were paid into and out of ThinkTechAct Foundation's US Bank checking account ending in 3379, with additional calculations shown in the middle left of the Exhibit.

3

Partners in Nutrition ($18,006,479.56) and Feeding Our Future ($3,758,133.59) provided a total of $21,764,613.15 in food program fraud proceeds to ThinkTechAct, which, in turn, provided Empire Cuisine ($12,242,852.71), Empire Enterprises ($3,189,119.83), Afrique ($1,783,583.90), and defendants' other entities ($177,390.00) with a total of $17,392,946.44. This movement of funds was one part of the massive money laundering scheme prosecuted in this case. Ibrahim's acknowledged in his plea agreement that he was aware of the high probability that Empire Cuisine, Empire Enterprises, Feeding Our Future, and Partners in Nutrition used ThinkTechAct to claim entitlement to reimbursement for food that was never actually served. ECF No. 842 ¶ 2. ThinkTechAct Foundation received a net $4,371,666.71—that is, the difference between the food program fraud proceeds received and the fraud proceeds redistributed to co-conspirators.

9.     The third category of proceeds consists of deposits to MIB Holdings LLC. **Exhibit D** is a summary chart showing the sources and uses of the funds that were paid into and out of MIB Holdings LLC's bank accounts. As shown in **Exhibit D**, four co-conspirator entities provided food program fraud proceeds to MIB Holdings LLC: Empire Cuisine ($915,300), Empire Enterprises ($538,829.80), and Afrique Hospitality Group (net total $84,040.38), for a sum of $1,538,170.18. Ibrahim is the sole owner of MIB Holdings LLC.

10.     The fourth category of proceeds consists of deposits to Mahad Ibrahim's personal accounts. **Exhibit E** is a summary chart showing the sources and uses of the

funds that were paid into and out of Ibrahim's personal bank accounts. As shown in **Exhibit E**, Afrique Hospitality Group deposited $104,813.27 and Empire Cuisine made two deposits ($30,000 and $12,000) totaling $42,000, for a total of $146,813.27.

11.   The fifth category of proceeds consists of deposits to Mind Foundry. **Exhibit F** is a summary chart showing the sources and uses of funds from a Mind Foundry checking account. As shown in **Exhibit F**, Mind Foundry received $41,391.43 from Partners in Nutrition, which was active in the food program fraud scheme. Mind Foundry in turn provided $21,353.41 to Empire Cuisine as part of the money laundering scheme. The difference between the Partners in Nutrition deposit and the payment to Empire Cuisine is the money that Ibrahim personally obtained, a total of $20,038.02.

12.   I am also aware that law enforcement agents and officers have searched for property that constitutes or is traceable to proceeds Ibrahim obtained as a result of the charges for which he pled guilty, but they have been unable to locate any such directly traceable proceeds that can be seized for forfeiture other than the assets described above or in Ibrahim's plea agreement. The remaining proceeds Ibrahim obtained because of the fraud scheme and conspiracy have been spent, transferred, hidden or otherwise been made unavailable for seizure for forfeiture.

13.   I declare under penalty of perjury that the foregoing is true and correct.

Dated: 3/25/2026                              *s/Pauline Roase*
                                              Pauline Roase
                                              Forensic Accountant, FBI