RECEIVED

JUL 0 2 2026

CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

Plaintiff,

v.                    Case No. 0:22-cr-00124-003 (NEB/DTS)

MAHAD IBRAHIM,

Defendant.

In re: Ancillary Proceeding as to 5657 Maple Drive, Lewis Center, Ohio 43035

## PROTECTIVE PETITION OF SAHUR ASER FOR HEARING PURSUANT TO 21 U.S.C. § 853(n) AND FED. R. CRIM. P. 32.2(c)

Petitioner Sahur Aser respectfully petitions this Court, pursuant to 21 U.S.C. § 853(n) and Federal Rule of Criminal Procedure 32.2(c), for a hearing to adjudicate her independent ownership interest in the real property at 5657 Maple Drive, Lewis Center, Ohio 43035 (the "Property"), and to amend the Preliminary Order of Forfeiture (ECF No. 962) to recognize and protect that interest.

This is a protective petition filed to preserve Ms. Aser's rights within the time allowed by 21 U.S.C. § 853(n)(2). Ms. Aser is in the process of retaining counsel and **expressly reserves the right to supplement or amend this petition**, including with further factual detail, legal authority, valuation analysis, and her rights of contribution as an Ohio co-owner, and to be heard through counsel once retained.

### Statement of Petitioner's Interest (21 U.S.C. § 853(n)(3))

**1. Petitioner is an innocent third party, not a defendant.** Sahur Aser is not a defendant in this action. She has not been charged with any crime. She does not appear in any charging document, plea agreement, or forfeiture motion. She is a registered nurse at The Ohio State University Wexner Medical Center, where she earns her own income. She is an innocent co-owner who helped acquire, and has for five years sustained with her own earned income, the family home where she lives with her three children — in the good-faith belief that it was lawfully acquired and maintained.

**2. Nature and extent of the interest.** Ms. Aser is a co-owner of the Property. Title is held under a recorded **Survivorship Deed (Exhibit 1)** (Ohio Rev. Code § 5302.17) from Evans

SCANNED

JUL 0 2 2026

U.S. DISTRICT COURT MPLS

Farm Land Development Company, LLC, naming the grantees as **"Mahad Ibrahim and Sahur Aser"** and conveying the Property to them **"for their joint lives, remainder to the survivor of them."** Ms. Aser therefore holds an **undivided present ownership interest** in the Property together with a **right of survivorship**.

**3. Time and circumstances of acquisition — the interest vested on May 14, 2021.** Ms. Aser took title to the **real property** at the closing on **May 14, 2021**, in her own name, openly, as a genuine co-owner — not as a nominee for anyone. At that time she and Mr. Ibrahim were **engaged but not yet married**; she took title in her own name as an independent co-owner, **not by virtue of any marital relationship**. Her ownership interest is therefore her own — it does not derive from, and it predates, any marital interest in the Property. Her undivided ownership interest in the real property has been vested in her **continuously since that date**.

**4. Her ownership interest encompasses the home as part of the real property.** The Survivorship Deed conveyed the real property to the co-owners. The residence was constructed on the property after closing; under Ohio law, the improvements became part of the real property and are owned in the same manner as the land. Ms. Aser's undivided interest therefore encompasses the home and all improvements as part of the **same realty she has co-owned since May 14, 2021** — not a separate, later-acquired asset. Her acquisition of that interest — the deed and the funds that closed it — preceded and was independent of any conduct charged in this case.

**5. Source of the acquisition funds.** The acquisition was funded by **Mr. Ibrahim — then Ms. Aser's fiancé —** **through the sale of two prior residences**, together with a regulated bank construction loan and Ms. Aser's own funds. The May 14, 2021 closing was funded by:

 a. proceeds from the sale of the prior residence at 6452 Killdeer Drive (sale price $673,000; **Exhibit 2**), wired to the title agency on April 30, 2021;

 b. proceeds from the sale of the prior residence at 1942 Washburn Avenue (sale price $340,000; **Exhibit 3**);

 c. a construction loan from Independent Bank, a federally regulated mortgage lender (NMLS No. 712877); and

 d. Ms. Aser's own contribution of **$2,500**, paid by cashier's check drawn on her personal Chase bank account, payable to the builder, 3 Pillar Homes, dated May 3, 2021.

None of the funds used to acquire the Property or to fund the closing were proceeds of the offenses charged in this case. The closing predated the earliest charged act.

**6. The payment the government identifies as tainted came after — and did not create — Ms. Aser's ownership interest.** The $200,000 payment charged as the money-laundering offense (Count 36, on or about August 20, 2021) was made **after** the closing, as a construction-phase payment to the builder. It neither created nor transferred Ms. Aser's

ownership interest, which **already encompassed the real property** she had co-owned since May 14, 2021.

**7. The charged acts postdate the vesting of Ms. Aser's interest.** On information and belief, every act giving rise to this forfeiture occurred *after* May 14, 2021. The sequence is as follows:

*Acquisition of the Property — Ms. Aser's interest vests:*

| Date | Event |
|---|---|
| January 19, 2021 | Home search begins; Lot 8592, Evans Farm, selected (3 Pillar Homes) |
| March 16, 2021 | Construction contract entered with 3 Pillar Homes, LLC |
| April 30, 2021 | Prior residence at 6452 Killdeer Drive sold ($673,000); proceeds wired to the title agency |
| May 7, 2021 | Prior residence at 1942 Washburn Avenue sold ($340,000) |
| **May 14, 2021** | **Closing on 5657 Maple Drive; Survivorship Deed vests Ms. Aser's undivided co-ownership of the real property.** |

*After Ms. Aser's interest vested — charged acts and later construction payments:*

| Date | Event | Days after vesting |
|---|---|---|
| June 1, 2021 | Construction payment to builder ($120,000), identified by the government as tainted | +18 |
| August 2, 2021 | Charged **wire fraud** (Count 5) | +80 |
| on or about August 20, 2021 | Charged **money laundering** (Count 36) — $200,000 construction payment to builder | +98 |
| November 24, 2021 | Construction payment to builder ($300,000), identified by the government as tainted | +194 |

Each charged act, and each payment the government identifies as tainted, occurred **after** Ms. Aser's undivided ownership interest in the real property had already vested.

**8. Ms. Aser has contributed to the home for five years, from lawful income.** For approximately five years since the closing, the mortgage, property taxes, homeowner's insurance, association dues, maintenance, and improvements to the Property have been paid, as they came due, from the **lawful earned income of Ms. Aser and her husband** — not from any proceeds of the charged offenses. Ms. Aser has contributed to those costs

from her own earned income as a registered nurse. She does not, in this protective petition, undertake to apportion the payments dollar-by-dollar; she **reserves her rights of contribution as an Ohio co-owner** (Ohio Rev. Code §§ 323.48, 5307.21) for her supplemental petition and for the hearing.

**9. No fraud proceeds, no knowledge, and a good-faith belief the home was lawful.** Ms. Aser personally used no fraud proceeds and received none. She did not participate in the food program, the billing conduct, or any activity charged in this case, and she had no knowledge of any criminal activity or that the Property could be subject to forfeiture. Throughout, she believed the home had been lawfully acquired and was being maintained with the family's earned income. When she acquired her interest, no charges had been filed and the charged acts had not yet occurred.

**10. The Property is the family home of three innocent children.** The Property is the primary residence of Ms. Aser and her three minor children, who live there with her: a 15-year-old enrolled at the local high school in the Olentangy Local School District, about two years from graduation; a 3-year-old with a disability who receives special-education services under an active Individualized Education Program whose placement is tied to the family's residence in that district; and a 1-year-old who has never lived anywhere else. The children are innocent of any wrongdoing. A forced sale would displace them from their home, their school district, and — for the 3-year-old — an established IEP placement.

**11. Timeliness.** Ms. Aser received direct written notice of the Preliminary Order of Forfeiture (ECF No. 962) on **June 4, 2026**. This petition is filed within 30 days of that date and is therefore timely under 21 U.S.C. § 853(n)(2). Ms. Aser reserves the right to supplement this petition.

Legal Basis

**12. Vested-interest priority — § 853(n)(6)(A).** Under 21 U.S.C. § 853(n)(6)(A), the Court shall amend the order of forfeiture where a petitioner's interest "was vested in the petitioner rather than the defendant ... at the time of the commission of the acts which gave rise to the forfeiture." The government's interest arises only by relation back, "upon the commission of the act giving rise to forfeiture" (21 U.S.C. § 853(c)), and can be no greater than what the defendant held at that moment. Because Ms. Aser's undivided co-ownership vested on May 14, 2021 — before both charged acts — it falls outside what vested in the United States and must be recognized and excluded from the forfeiture.

**13. Bona fide purchaser — § 853(n)(6)(B) (alternative).** In the alternative, Ms. Aser is a bona fide purchaser for value who was, at the time she acquired her interest, reasonably without cause to believe the Property was subject to forfeiture (21 U.S.C. § 853(n)(6)(B)): she gave value of her own, acquired her interest through a regulated lender and title company before any charge was filed, and had no knowledge of the conduct charged in this case.

**14. The government must trace; Ms. Aser need not.** The United States may forfeit only property it can trace to the offense, and bears the burden of establishing that nexus. Ms. Aser bears no burden to trace the lawful funds used to acquire, build, and sustain the home. At most, the government's interest is a minority fraction of the Property — limited to the defendant's share and to amounts the government can actually trace to the offense, and subject to Ms. Aser's vested ownership and her rights as an Ohio co-owner. Full valuation analysis, supporting authorities, and Ms. Aser's contribution claim are reserved for her supplemental petition.

## Relief Requested

WHEREFORE, Ms. Aser respectfully requests that the Court:

**1.** Conduct a hearing pursuant to 21 U.S.C. § 853(n)(4) and Fed. R. Crim. P. 32.2(c) to adjudicate her interest in the Property;

**2.** Amend the Preliminary Order of Forfeiture (ECF No. 962) to recognize and exclude Ms. Aser's independent ownership interest under 21 U.S.C. § 853(n)(6)(A) and, in the alternative, § 853(n)(6)(B);

**3.** Limit any forfeiture of the Property to the defendant's fractional, traceable interest, subject to Ms. Aser's ownership interest and her rights of contribution as an Ohio co-owner, to be established at the hearing;

**4.** Permit Ms. Aser to supplement or amend this petition and to be heard through counsel once retained; and

**5.** Grant such other and further relief as the Court deems just and proper to protect the rights of an innocent co-owner whose interest in the family home vested before the charged offenses.

## EXHIBITS

- **Exhibit 1 — Recorded Survivorship Deed,** 5657 Maple Drive (Delaware County, Ohio), grantees Mahad Ibrahim and Sahur Aser. *(Proof of Petitioner's ownership interest; ¶ 2.)*
- **Exhibit 2 — Proof of Sale, 6452 Killdeer Drive** (settlement statement). *(Corroborates the source of acquisition funds; ¶ 5.)*
- **Exhibit 3 — Proof of Sale, 1942 Washburn Avenue** (settlement statement). *(Second prior residence sold to fund the acquisition; ¶ 5.)*

*Additional documentation — including the closing disclosure, loan package, prior-sale wire confirmation, and carrying-cost records — will be presented with Ms. Aser's supplemental petition and at the hearing.*

## VERIFICATION

I, Sahur Aser, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that I have read the foregoing Protective Petition, that I am the petitioner named in it, and that the factual statements in it are true and correct to the best of my knowledge, information, and belief.

Executed on: 7/1/26 , 2026

Sahur Aser

---

Respectfully submitted,

---

Sahur Aser, *Petitioner, Pro Se*

5657 Maple Drive

Lewis Center, Ohio 43035

Email: sahuraser22@gmail.com

**OHIO 'STATUTORY SHORT FORM OF ACKNOWLEDGMENT' — INDIVIDUAL**
**§147-55(A)**

State of Ohio

County of _Delaware_ } ss.

The foregoing instrument was acknowledged

before me this _7/1/2026_ by

_____ Date

_Sutur  Aser_ .

Name of Person Acknowledging

_____

Signature of Person Taking Acknowledgment

_Notary_

Title or Rank

*Affix Seal Here*

---

OPTIONAL

*Completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**

Title or Type of Document: _Verification_

Document Date: _7/1/2026_   Number of Pages: ___

Signer(s) Other Than Named Above: ___

©2019 National Notary Association

M1908-05 (09/19)